John Smith ZINK, Plaintiff in Error,

v.

Ellen McKinney ZINK, Defendant in Error.

No. 40332.

Supreme Court of Oklahoma.

March 3, 1964.

Ed Parks, Farmer, Woolsey, Flippo & Bailey, Tulsa, for plaintiff in error.

Fenelon Boesche, Richard B. McDermott, T. Hillas Eskridge, Tulsa, for defendant in error.

IRWIN, Justice.

This appeal and cross-appeal concern a judgment rendered in a divorce action. The plaintiff in error, husband, in his appeal, contends the amount of alimony, child support and attorney's fees awarded to the defendant in error, the wife, is excessive. On the other hand, the wife, in her cross-appeal, contends the amount awarded as and for division of jointly acquired property, alimony, child support and attorney's fees is wholly inadequate.

## DECREE OF DIVORCE AND JOURNAL ENTRY OF JUDGMENT

The trial court found in the Decree of Divorce and Journal Entry of Judgment that the parties were married in February, 1957, and to this marriage three children were born; that the wife should be granted a divorce on the grounds of incompatibility; and that the wife should be awarded custody of the three minor children, subject to reasonable rights of visitation on the part of the husband. (The trial court's judgment is in accord with these findings and no specifications of error are urged concerning these matters).

The trial court further found that the husband has a present financial worth in excess of $375,000.00, and that his position with John Zink Company for the past several years has been worth at least $30,000.00 a year to him, including salary, bonuses, transfers of stock and other benefits.

It also found the wife's present financial worth is between $175,000.00 and $200,-000.00, and her income is between $1,500.00 and $2,000.00 per year; and that the wife is not trained to and is unable to work at any outside employment.

The trial court ordered that all of the separate property of the wife be awarded to her, free and clear of all claims of the husband. This included all bank accounts, stocks and bonds standing in the wife's name; her personal effects and a 1962 Oldsmobile registered in her name; timber land in the State of Tennessee; and the home of the parties and the household goods and furnishings. (The wife purchased the home and automobile out of her separate funds).

The husband was ordered to pay the wife for alimony and as a proper division of jointly acquired property, if any, the sum of $60,000.00, payable over a period of 12 years, in equal monthly installments of $417.67; $500.00 per month as child support for the three minor children; and $5,000.00 attorney's fees.

## CONTENTIONS

The husband contends that the judgment awarding the wife $60,000.00 alimony, $500.00 per month child support and $5,-000.00 attorney's fees is excessive in view of his annual income and assets where she has liquid assets of $200,000.00 in her separate estate. In this connection, the husband urges his annual income is approximately $15,000.00 instead of $30,000.00 as found by the trial court; that his separate estate consists of $60,000.00 in liquid assets and $250,000.00 non-liquid stock in John Zink Company, instead of being in excess of $375,000.00 as found by the trial court; and that the John Zink Company stock,

transferred to him by his father during coverture, was a gift and not compensation for services rendered and since it was a gift, the stock could not be considered assets jointly acquired by the parties during coverture.

The wife contends that the 4,600 shares of stock transferred to her husband by his father during the marriage, was at least, in part, compensation for services rendered, and that she is entitled to her proportionate share as property jointly acquired during coverture; that the approximate net worth of the husband is between $367,752.43 and $626,597.48, depending on whether the stock is valued only at a liquidation value, or is given some "going concern" value; and that her personal net worth is only $170,265.52 and the uncontradicted evidence shows that she receives only about $1,500.00 annual income from her assets. The wife urges in her cross-appeal that the amounts awarded to her for alimony and property acquired during coverture, child support and attorney's fees are wholly inadequate.

## CONCLUSIONS

In considering whether the transfer of 4,600 shares of John Zink Company stock to the husband during the marriage was a gift, or a portion thereof was compensation for services rendered and property acquired during coverture, we find the trial court made this statement: "On the matter of property acquired during marriage, the evidence is insufficient for me to arrive at any fixed judgment on the matter. I'm unable to say with any degree of certainty whether the transfer of stock from this father to this defendant (husband) were actually gifts or whether they were part of his compensation. I am inclined to believe that it's a mixture of both."

In the trial court's findings set forth in the Journal Entry of Judgment, the trial court found that the husband's position with the John Zink Company has been worth at least $30,000.00 a year to him, including salary, bonuses, *transfers of stock*

and other benefits. The trial court ordered the husband to pay the wife "as and for alimony and as a proper division of jointly acquired property, if any, the sum of Sixty Thousand Dollars ($60,000.00) * * *."

The wife testified that the husband explained to her that even though his salary sounded small, he was getting more because his father was giving him stock each year as compensation instead of giving him a large salary, and that his father preferred to do it that way because of inheritance tax problems and that it was much more advantageous. The husband denied that the stock was given to him in lieu of salary or that he told his wife it was in lieu of salary.

The husband's father testified that the transfers of stock were not compensation for services rendered but gifts to his son and that he had paid the Federal gift taxes on the transfers. The income tax returns filed by the husband and wife do not reveal that the transfers of stock, in any manner, constituted compensation or income.

An examination of the record, which includes the income tax returns, reveals the husband's annual income was less than $30,000.00 unless a portion of the stock transferred to him could be considered as compensation or income. However, if a portion of the stock could be considered as compensation and income, the trial court's findings that the husband's position with the John Zink Company has been worth at least $30,000.00 a year is not against the clear weight of the evidence. We must therefore conclude that the trial court found that a portion of the stock transferred to the husband by his father constituted compensation for services rendered or income, and the remaining portion constituted gifts.

We have examined the record with reference to the trial court's findings as to the husband's income and present financial worth, and the wife's present financial worth and her annual income from her assets, and can only conclude that

the trial court's findings thereon, are not against the clear weight of the evidence. Therefore, we will determine the correctness of the trial court's judgment based upon the parties' separate assets and annual incomes as those assets and incomes have been determined by the trial court. In making this determination, we should first point out that the trial court found that "The parties are mutually incompatible, and there exists between them a state of irremediable discord produced by a reciprocal conflict of personalities, * * *." The evidence supports this finding. Therefore, we are not considering a case where the conduct of either the husband or the wife necessarily constitutes grounds for divorce, but a case where the reciprocal conflict of personalities has completely destroyed the legitimate aims and purposes of matrimony and that the wife was awarded a decree of divorce based on incompatibility.

In Drake v. Drake, 187 Okl. 1, 100 P.2d 887, we held:

"In making an award of alimony in a divorce action, due consideration should be given the situation of the husband as well as that of the wife, and where it appears from the evidence that the trial court has not abused its discretion in the disposition of these matters, in view of the husband's ability to pay as well as the necessities of the wife, its decree will not be set aside on appeal."

In Smyth v. Smyth, 198 Okl. 478, 179 P.2d 920, we held that in a divorce case it is not required that any specified part of joint accumulation or of a husband's separate estate be allowed to a wife, nor that any specified payments of money, in gross or installments be made, but each case depends upon its own circumstances. In that case we pointed out that there is no rule in this jurisdiction providing for allowance as alimony of any fixed, fractional portion either of jointly acquired property, or of separate property, by precise mathematical calculation. In Farley v. Farley, Okl., 275 P.2d 319, we

held the allowance of permanent alimony rests within the sound discretion of the trial court, to be exercised in the light of all surrounding circumstances, and such allowance will not be disturbed on appeal unless clearly against the weight of the evidence.

In Smith v. Smith, Okl., 275 P.2d 997, we held allowance of alimony and child support are matters within the discretion of the trial court, governed by consideration of justice and equity between the parties and the interest of society and the trial court's judgment thereon not against the clear weight of the evidence and not reflecting an abuse of discretion will not be disturbed. In Hurt v. Hurt, Okl., 315 P.2d 957, we held that in a divorce action, the trial court balances the scales of equity by distribution of property and allowance of alimony, and the only restriction being that sound judicial discretion be used, and where there is no abuse of such discretion, the judgment will not be disturbed. In Wendel v. Wendel, Okl., 331 P.2d 370, we held that allowance for child support is a matter within the discretion of the trial court, governed by consideration of justice and equity, and unless the judgment is against the clear weight of the evidence, or error is committed causing an injustice, reflecting an abuse of discretion, it will not be disturbed on appeal.

Both parties have very ably presented their separate specifications of error. However, we have examined the record and find that the trial court balanced the scales of equity, considered the right and obligations of both parties, the best interest of the minor children, and the trial court's judgment is not against the clear weight of the evidence, and it committed no error causing an injustice which reflects an abuse of discretion, with reference to the division of jointly acquired property, if any, alimony and child support.

The trial court awarded $7,500.00 to the wife's counsel as attorney's fees, and ordered the husband to pay the wife $5,000.00 to be applied to such fees. The husband

contends this is excessive and the wife contends it is inadequate and that her counsel should be awarded $10,000.00 for prosecuting the case through the trial court, all of which should be paid by the husband and the sum of $5,000.00 as and for additional attorney's fees and expenses incurred in defending the husband's appeal and prosecuting her cross-appeal.

■ There was evidence submitted on behalf of the wife that a reasonable attorney's fee for representing the wife in the lower court would be $7,500.00. The husband offered no evidence as to what a reasonable fee would be. The trial court stated that "I think the request of plaintiff's counsel of $7,500.00 is modest for the amount of time and work involved in this case."

In McElreath v. McElreath, Okl., 317 P.2d 225, we held:

"In determining the amount of reasonable attorney's fee that should be allowed a wife in a contested divorce action, the ability of the husband to pay and the means and property of the parties are factors to be considered, and where the allowance made by the trial court is reasonably supported by the evidence, and is reasonable under the circumstances, it will not be disturbed on appeal."

We find no error in the trial court's order concerning the attorney's fees for the wife's counsel for trial in the lower court.

■ The cross-petition and brief of the wife are sufficient to present a request for additional attorney's fees rendered by her attorneys in responding to the husband's appeal and in the prosecution of the wife's cross-appeal. In addition to preparing and filing briefs in the appeal and cross-appeal, the wife's counsel has also filed pleadings in this court and defended applications of the husband in this court. We find and hold that the wife is entitled to an additional attorney's fee in the sum of $1,500.00 for services rendered since trial of this cause in the lower court, which the husband is ordered and directed to pay.

Consideration of the wife's motion for summary judgment on supersedeas bond is postponed until the time mandate may issue.

Finding no error in the record, the judgment of the trial court is affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS and JACKSON, JJ., concur.