**Claude C. JOHNSTON, Plaintiff in Error,**

**v.**

**Minnie I. JOHNSTON, Defendant in Error.**

**No. 41642.**

Supreme Court of Oklahoma.

April 16, 1968.

Tom Durham, Tulsa, for plaintiff in error.

Charles A. Whitebook, Frank Robert Hickman, H. Richard Raskin, Tulsa, for defendant in error.

BERRY, Justice.

Plaintiff in error has appealed from the judgment rendered in a divorce action brought by defendant in error in the trial court. Plaintiff wife sued defendant for divorce, alimony, property division and attorneys' fees. The only issue on appeal concerns that portion of the judgment awarding plaintiff alimony of $20,000.00, payable in monthly installments, in lieu of division of property.

Both parties had been married previously, plaintiff having two minor sons by her prior marriage. The parties, both in their mid-forties when this action was filed, lived together approximately four and a half years following their marriage on December 11, 1959. Plaintiff's petition charged extreme cruelty as grounds for divorce, this being denied by defendant. Plaintiff further alleged ownership of certain personal property held by defendant; and that personal funds brought to the marriage had gone into acquisition of the farm land acquired during coverture, for which plaintiff asked reimbursement of initial expenses and an undivided half interest in the property. Further, defendant had taken funds derived from farm operations in order to begin a new manufacturing business, and plaintiff asked an award of half the value of this business.

Defendant admitted acquisition of the property, but alleged personal contribution of more than half the necessary funds; that he was unduly burdened by need to make substantial monthly payments to preserve the property, without any contribution from plaintiff since the action was filed, hence unable to comply with the trial court's orders for payment of attorneys' fees and alimony because of this burden. Defendant denied plaintiff's claim of contribution toward acquisition of the farm property, and alleged plaintiff had converted income from farm operations to her own use. Defendant asked the court to determine contribution made by each party in acquisition and operation of the property

and make equitable division thereof without allowance of alimony to plaintiff.

After trial the court granted plaintiff divorce on grounds of incompatibility, awarded plaintiff the household goods and personal effects owned prior to marriage, and the automobile in her possession, subject to assumption of indebtedness thereon. Plaintiff also was granted alimony of $21,175.00, payable over 121 months, same to be a lien upon the real property, plus $300.00 attorneys' fees. Alimony was awarded in lieu of property division because of impossibility of making division in kind.

Defendant was awarded the business (Quality Manufacturing Company) and all assets connected therewith. Defendant also was awarded the 52 acre homestead purchased during coverture, subject to first and second mortgages totaling $61,083.00, which defendant was required to assume. Judgment conformable to such findings was rendered, with appropriate provisions for execution of required instruments of title.

Both parties filed motions for new trial and plaintiff filed citation for defendant's failure to comply with the order for payment of alimony upon granting divorce. Subsequently the court heard arguments relative to the alimony award, and entered a modification of the prior decree, reducing the amount of alimony to $20,000.00, payable over 121 months.

Defendant's appeal from the judgment is presented under two propositions which, in effect, present three separate grounds or contentions. Each contention states a settled rule concerning limitations circumscribing trial courts' actions in allowance of alimony, as announced many times in applying 12 O.S.1961, § 1278. Because the real basis of defendant's appeal is the asserted unreasonableness of the judgment, a narrative review of the evidence will be of value before consideration of the arguments advanced.

Prior to marriage plaintiff and her children occupied their own home. Plaintiff had a savings account of $3,686.00, derived from insurance benefits received upon death of her first husband, and additionally plaintiff received $163.50 monthly in Social Security Benefits. The minor sons each received $25.00 monthly pension benefits from their deceased father. Following marriage the parties lived in plaintiff's home until purchase of the farm, when the home was sold. During all this time plaintiff made payments on her home. Plaintiff received approximately $1,600.00 from the sale, which was combined with $3,000.00 of her savings and applied toward the $8,000.00 total down payment on the $60,000.00 purchase price. Plaintiff was of the opinion the property was worth $100,000.00.

After the parties moved to the farm they purchased cattle, hogs, chickens for the egg business in which they were engaged, tractor, and considerable equipment essential to the egg business and livestock raising. The majority of this personalty was acquired in 1960, and on defendant's 1964 income tax depreciation schedule was valued at $39,985.86. Excluding the residence, necessary chicken houses, barns, etc., personal property acquired between May 1960—December 1963 had a stated valuation of $14,272.62. Although previously employed plaintiff occupied herself full time and was assisted by her sons in operation of the egg business, with as many as 2400 chickens when in full production. Additionally plaintiff discharged the customary duties of a farm wife. She was gainfully employed otherwise for short periods, and also assisted defendant by keeping books and doing office work when defendant started the new manufacturing business. According to plaintiff's evidence the average monthly income was $1,500.00 when the business was in full operation. With exception of family grocery purchases this income was deposited in a joint account. The evidence failed to support defendant's claim that plaintiff concealed much of these funds, or used them for other purposes.

Some time after marriage defendant received $8,975.52 from liquidation of a machine shop in which he was interested and did not work for some months thereafter. Defendant testified this money went into the down payment made on the farm. In April 1964 defendant initiated a new business venture with funds acquired by a second mortgage on the farm, cattle and equipment. According to defendant's evidence this business sustained a net operating loss of $1,218.85 the first year, during which time defendant was obligated for $1,151.32 fixed monthly payments. Other evidence was offered showing his assets prior to marriage as $16,809.92, including $1,347.95 life insurance. The policy was acquired in 1957. The cash surrender value was accrued to January 1964, and obviously the policy did not support such value at the date of marriage. There was other evidence offered to show $26,194.37 as defendant's net worth at the time of trial. Cross-examination showed after separation in August 1964, defendant received approximately $6,000.00 from sale of farm assets, and had been able to purchase and pay for a truck used in his business.

Defendant offered the testimony of a realtor, who fixed the value of the farm at $75,400.00, including $13,000.00 valuation for the improvements. The witness admitted lack of knowledge concerning other land in this area selling for prices in excess of $2,000.00 per acre, and did not know defendant had offered the property for sale at a price of $100,000.00.

In rendering judgment the trial court noted that each of the parties contributed toward purchase and payment of the accumulated properties. The judgment was based upon the fact the value of the real estate would increase as time passed, and due to city expansion and probability the land would be valuable for subdivision. In this connection the court stated: "* * * my award exclusively has been based upon the increment of the value of the land from the time of purchase until the time that it will be sold * * *."

Defendant's principal complaint is directed toward this feature of the judgment. The argument is that under § 1278, supra, the court was required to consider the value of the farm at the time the divorce was granted, and any consideration of future enhancement of value was an abuse of discretion. In this connection defendant also urges the court should have deducted the total assets defendant owned before marriage from his net worth at the time of trial. Thus, by deducting value of property owned at the date of marriage, defendant concludes that plaintiff could not be entitled to more than half of the $9,384.45, which constituted defendant's total assets.

Neither the argument nor the conclusion stated require extended discussion. The trial court properly found the real property and considerable personal property to have been accumulated by their joint efforts and contributions of each. There is no merit to the argument that defendant's separate property owned at the time of marriage should have been sequestered from the overall division. Both parties liquidated their personal holdings and combined the accumulation to jointly acquire the farm.

Defendant's basic premise is that the judgment herein was an award of alimony. The authorities cited to support the claim that alimony must be reasonable involve instances where the trial court was awarding permanent alimony. The allowance made herein was decreed to be alimony *in lieu of* a division of these parties' property, and was not made for her support but as an equitable disposition of their property accumulation.

Neither is there merit to the argument that consideration of future increase in value of the land constituted an abuse of discretion. The foundation of our decisional law upon this question was laid down in the case of Mathews v. Mathews, 186 Okl. 245, 96 P.2d 1054, 139 A.L.R. 202. The contention was that § 1278, supra, precluded allowance of alimony out of the husband's real or personal property then

possessed. In the body of that case it is pointed out that this position not only would preclude allowance of alimony out of earning capacity, either present or future, but also would preclude consideration of such element where the husband possessed no estate. In Mathews, supra, the court specifically declared that both future earning capacity and expectancy of future inheritance were proper factors for consideration. We are of the opinion probable future increase in land value was a proper factor for consideration upon the same basis as future inheritance.

The second contention is divided into two grounds of argument. Each point is based upon argument that "alimony" is an allowance for the wife's support, and should not be excessive, or so unreasonable as to impose hardship upon the husband and constitute a penalty. Having pointed out heretofore that the *award made was in lieu of division of property*, neither the argument nor authorities cited are controlling here. For the same reason it is unnecessary to discuss defendant's argument that this alimony judgment was unreasonable and contrary to the evidence. Admittedly the testimony showed plaintiff was regularly and gainfully employed and, combined with Social Security and pension benefits, was in a better financial position than at the time of marriage. The attempted argument that the "alimony" awarded was unreasonable because not necessary for plaintiff's support is unsound. The award made was not for plaintiff's support but represented the equitable division of property required by the statute, supra.

Judgment affirmed.

JACKSON, C. J., IRWIN, V. C. J., and WILLIAMS, BLACKBIRD, HODGES and McINERNEY, JJ., concur.

DAVISON and LAVENDER, JJ., concur in result.