**Darlene Ruth FISHER, Appellant,**

v.

**Raymond Lloyd FISHER, Appellee.**

**No. 48833.**

Supreme Court of Oklahoma.

Dec. 28, 1976.

Sam A. Townley, Oklahoma City, for appellant.

Francis M. Pickel, Jr., Oklahoma City, for appellee.

DOOLIN, Justice.

Darlene Fisher (Wife) obtained a divorce from her husband, Raymond in May of 1972. It was a waiver divorce and Husband was not represented by an attorney. Wife was granted custody of two minor children and child support of $200.00 per month. The decree provided for alimony in lieu of property settlement of $2,000.00 to be paid within two years. It further provided for alimony in lieu of support of $400.00 per month until June 1978 and then $600.00 a month until May of 1982. Husband made payment under the decree for six months at which time he remarried. Thereafter, in the fall of 1973, he filed a petition to vacate the decree on grounds of irregularity in obtaining the judgment and for fraud, stating that he misunderstood provisions of decree which had the effect of requiring him to make payments to Wife in an amount that was in excess of his net income. After hearing testimony the trial court found the provision in the divorce decree "as to alimony in lieu of support is unconscionable and the decree should be vacated as to such alimony provisions and evidence (shall be) presented by the parties as to the proper alimony in lieu of support that should be

granted by the court in this action." (Parenthetical phrase supplied).

Wife appeals, claiming trial court did not have jurisdiction in a subsequent collateral proceeding to vacate a decree as to alimony on the sole ground it was unfair and unconscionable past statutory time provided in 12 O.S.1971 § 1031.

■■■ Although evidence is conflicting, as to amount of money left to Husband after his alimony and child support payments are made, there is no doubt trial court was correct in finding he was completely unable to make such payments at the time of the divorce out of a take home pay of approximately $700.00 per month. Alimony should be reasonable.[1] The matter of alimony is one of equitable cognizance.[2]

The basic dispute however revolves around whether the trial court had power to vacate that portion of the decree providing for alimony for support because it found award to be unfair and unconscionable. 12 O.S.1971 § 1031 provides the district court shall have power to vacate or modify its own judgments "for fraud, practiced by the successful party, in obtaining the judgment or order." The trial court found "plaintiff and her attorney practiced no fraud of any kind upon the defendant." There was no cross appeal taken by Husband as to this finding, consequently we must hold this basis for vacation is not present. None of the other statutory grounds for vacation of a judgment after 30 days is present.[3]

The trial court did not find the judgment was void because it was not for a definite sum as in *Dresser v. Dresser* 164 Okl. 94, 22 P.2d 1012 (1933). This is not a *direct* appeal from an unconscionable award as in *Moseley v. Moseley,* 171 Okl. 150, 42 P.2d 237 (1935). It is not an attempt to modify child support payments as in *Ward v. Ward,* 462 P.2d 659 (Okl. 1970), nor was there any finding of fraud as in *Burkdoll v. Burkdoll,* 178 Okl. 392, 62 P.2d 1266 (1936).

■ A judgment in a divorce suit may only be modified, set aside or vacated un-

---

1. *Johnston v. Johnston,* 440 P.2d 694 (Okl. 1968).

2. *Henley v. Henley,* 428 P.2d 258 (Okl. 1967).

3. 12 O.S.1971 § 1031 provides: "The District Court shall have power to vacate or modify its own judgments or orders within the times prescribed hereafter:

First. By granting a new trial for the cause, within the time and in the manner prescribed in Section 653 of this title.

Second. By a new trial granted in proceedings against defendants constructively summoned, as provided in Section 176 of this title.

Third. For mistake, neglect or omission of the clerk or irregularity in obtaining a judgment or order.

Fourth. For fraud, practiced by the successful party, in obtaining the judgment or order.

Fifth. For erroneous proceedings against an infant, or a person of unsound mind, where the condition of such defendant does not appear in the record, nor the error in the proceedings.

Sixth. For the death of one of the parties before the judgment in the action.

Seventh. For unavoidable casualty or misfortune, preventing the party from prosecuting or defending.

Eighth. For errors in a judgment, shown by an infant in twelve (12) months after arriving at full age, as prescribed in Section 700 of this title.

Ninth. For taking judgments upon warrants of attorney for more than was due to the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment."

12 O.S.1971 § 1038 provides: "Proceedings to vacate or modify a judgment or order, for the causes mentioned in subdivisions four, five and seven, of Section 5267 must be commenced within two years after the judgment was rendered or order made, unless the party entitled thereto be an infant, or a person of unsound mind and then within two years after removal of such disability. Proceedings for the causes mentioned in subdivisions three and six of the same section, shall be within three years, and in subdivision nine, within one year after the defendant has notice of the judgment. A void judgment may be vacated at any time, on motion of a party or any person affected thereby."

der one of the statutory provisions enumerating situations wherein trial court is granted such power, unless it is held to be a void judgment. *Kunc v. Kunc,* 186 Okl. 297, 97 P.2d 771 (Okl.1940). In *Canada v. Canada,* 190 Okl. 203, 121 P.2d 989 (1942) we held where alimony has been allowed to a wife in a divorce decree, the court has no power on subsequent application to increase or diminish the allowance given in the original judgment.

We therefore hold trial court was without authority to vacate the award of alimony for support on the sole grounds it was unfair and unconscionable.

Reversed.

All the Justices concur.