**Ellen K. CASEY, Appellant,**

v.

**Patrick Jon CASEY, Appellee.**

**No. 79311.**

Court of Appeals of Oklahoma. Division No. 3.

July 20, 1993.

Certiorari Denied Sept. 22, 1993.

Judith A. Ridgeway, Norman, and Lauren LeBlanc Day, Oklahoma City, for appellant.

Robert L. Pendarvis, Norman, for appellee.

## OPINION

HUNTER, Judge:

Appellant and Appellee married in 1967. They had two children, one of whom was still a minor at the time of the divorce. Appellee graduated from law school in 1974 and has practiced tax law since that time. Appellant dedicated most of her time to keeping the house and rearing the children. She worked outside the home some when she briefly operated her own businesses, but had no other significant work experience in the open market. Appellant has completed about six semesters of college work.

The divorce trial lasted six days after which the parties also tried the issue of attorney fees and costs. The court valued and divided the marital estate, awarding $98,300.00 in cash and other resources to Appellant and $97,100.00 in cash, other resources, including negative value resources, to Appellee. The court specifically found Appellee's law practice, awarded to Appellee, to be worth $168,700.00, which figure included the value of the furnishings, equipment and library and 15% of the face value of the accounts receivable as of December 31, 1991. Further, the court found that there was no "good will" value for the purpose of property division. The court also awarded Appellant support alimony in the amount of $45,000.00 to be paid over 36 months. Of its own motion, the court reconsidered this order and reduced the support alimony to $36,000.00 to be paid over the course of four years. Appellant was awarded custody of the minor child. Appellee was ordered to pay $829.00 per month as child support and further ordered to carry medical insurance on the child. Because the parties' monthly income exceeded $10,000.00, the court calculated the child support obligation using the child support guidelines, then calculated the additional support by applying this formula: $811 divided by $10,000 = 8.11% × $13,170 (combined gross income) = $1068 — $811 = $257 = $1,068 (total combined child support from chart). After the supplemental hearing on costs and fees, the court ordered each party to bear his/her own costs and attorney fees, except it ordered Appellant to pay Appellee $6,600.00 for costs and fees, which amount of Appellee's total costs and fees the court found to have been incurred because of Appellant's arbitrariness and capriciousness during the course of the litigation.

Appellant raises five issues for review. The first two questions concern valuation of the limited partnerships and of Appellee's law practice. For her third proposal of error, Appellant asserts the amount of support alimony awarded was too little.

Next Appellant proposes the child support obligation should have been set at $2000.00 per month based on the child's history of an affluent lifestyle and needs and her belief that Appellee's monthly income is $14,667.00. Lastly, Appellant claims the court erred in ordering her to pay her own costs and attorney fees alleging her property is neither substantial nor liquid and that her income is much less than Appellee's. She further claims the court punished her for prosecuting her case when it ordered her to pay Appellee's excess costs and fees of $6,600.00.

## STANDARD OF REVIEW

■ Because this action is one of equitable cognizance, we will not set aside the trial court's judgment unless it is clearly against the weight of the evidence. We canvass the record and we weigh the evidence. If we find the judgment is clearly against the weight of the evidence, we will cause to be rendered the judgment which should have been rendered. *Marshall v. Marshall*, 364 P.2d 891 (Okl.1961).

## FINDINGS ON REVIEW

■ We first find the court's valuation of the limited partnerships and the law practice not clearly against the weight of the evidence and leave it undisturbed. *Ford v. Ford*, 766 P.2d 950 (Okl.1988). The court accepted volumes of documentary evidence of the parties' finances. Appellant called an assistant professor in Business Administration from the University of Oklahoma and an LL.M. tax attorney as experts. Appellee called a certified public accountant for his expert. It is clear from our reading of the record that experts may employ different methods, approach problems from different perspectives, use different relevant time periods and factor in some, and ignore other, "facts". The expert will deliver the answer that is produced from his equation. The trial court's determination of property value, however, so long as it is not clearly against the weight of the evidence, is the valuation that matters. There is sufficient evidence in the record to support the court's valuation of the limited partnerships and the law practice. Appellant also claims the "good will" of the law practice was erroneously omitted from the valuation of the practice. Good will of a sole practitioner's law firm has no value for the purpose of dividing property of a marital estate. *Travis v. Travis*, 795 P.2d 96 (Okl.1990).

■ We also find the court's judgment of support alimony is not clearly against the weight of the evidence. When the court has granted a party a substantial amount of spousal property, the seeker of support alimony carries the burden of affirmatively demonstrating the need for excess money to cushion the economic transition to employment. *Johnson v. Johnson*, 674 P.2d 539 (Okl.1983). In the instant case, Appellant was awarded $98,300.00 in spousal property, much of which was income-producing property; had about six semesters of college work; had some limited experience in running her own businesses and was awarded $36,000.00 in support alimony, payable over four years. Furthermore, Appellant failed to demonstrate her need for excess money at trial. For instance, Appellant failed to produce any supporting evidence to back up her claim that she needed $650.00 per year for fingernails; $230.00 per month for entertainment or $212.00 per month for attorney retainer. Appellant testified she required $800.00 per month for rent, but she was not renting a residence and had no contract or arrangements for renting a place. Although these may be Appellant's needs in excess of the property award, it was her burden to demonstrate those needs.

■ Next Appellant complains that the child support obligation was set too low in light of the 14 year old child's past affluent lifestyle and current needs. Furthermore, Appellant claims Appellee has a monthly income of $14,667.00 and should pay more in child support for that reason. An appeal of a child support order is one of equitable cognizance. We review the whole record, weigh the evidence and affirm the judgment only if it is just and equitable. *Thrash v. Thrash*, 809 P.2d 665

(Okl.1991). Furthermore, we will not change the amount of the support ordered unless there is a showing that the amount ordered is clearly against the weight of the evidence. *Kirkland v. Kirkland,* 488 P.2d 1222 (Okl.1971). In the instant case, the court found Appellee's monthly income to be $10,670.00 and calculated the obligation according to the child support guidelines. We have already noted the court's calculation for the supplemental amount. The order is not clearly against the weight of the evidence nor is it unjust.

 Lastly, Appellant asserts she was improperly denied an award of costs and attorney fees and punished by the court when it ordered her to pay $6,600.00 of Appellee's fees. The determination of whether and how to assess attorney fees in this kind of action is addressed to the sound discretion of the trial court. We will not modify its decision absent a showing of abuse of discretion. *Wood v. Wood,* 793 P.2d 1372 (Okl.1990). In light of the amount of property, including income-producing property awarded Appellant, we cannot say the court abused its discretion when it ordered each side to bear its own costs and attorney fees. We also find the court did not abuse its discretion when it ordered appellant to pay $6,600.00 of Appellee's fees. The record supports the court when it found Appellant acted arbitrarily and capriciously during the litiga-

tion. The court specifically found Appellant (a) delayed and thwarted the division of personal property when she refused to participate in the silent auction, (b) unreasonably refused to list the residence for sale, (c) demanded excessive support alimony, child support and cash settlement, (d) cited Appellee for contempt on three different occasions, (e) required Appellant to incur expense of $1,000.00 to pay a bondsman, (f) unreasonably withheld records from Appellee, and (g) required Appellee to file a 1990 separate income tax return. There is no abuse of discretion in requiring Appellant to pay the attorney fees she actively participated in creating. *Wood* at 1377.

We find the judgment of the trial court just, not clearly against the weight of the evidence and within the proper bounds of its discretion. We therefore affirm the judgment.

AFFIRMED.

GARRETT and BAILEY, JJ., concur.