David A. BOND, Appellee,

v.

Christine BOND, Appellant.

No. 78083.

Court of Appeals of Oklahoma,
Division No. 3.

Jan. 30, 1996.

Certiorari Denied April 24, 1996.

Don E. Williams and David A. Tracy, Naylor & Williams, Inc., Tulsa, for Appellant.

Maynard I. Ungerman, Ungerman & Iola, Tulsa, for Appellee.

## OPINION

ADAMS, Vice–Chief Judge:

The parties, who married in 1974, separated in April, 1989. After a nine-day trial, and after having taken the case under advisement, the trial court issued its decree of divorce in July, 1991, by adopting Appellee's proposed findings of fact and conclusions of law. Appellant Christine Bond (Wife) appeals that order.

During their marriage, the couple's business in wholesale lumber prospered, until it included interests in four closely held companies. They also owned real estate and had acquired valuable personal property. Consequently, the trial focused on the valuation and division of the marital estate and Wife's request for alimony. Both sides called Certified Public Accountants and appraisers as experts, and introduced many documents, in support of their positions.

Wife, who did not complete a college degree, did not work outside the home to a significant degree during most of the marriage. Before they married, Wife had

worked as a claims adjuster for an insurance company. During the last several years, she worked in a fabric shop.

Because Appellee David Bond (Husband) was awarded his interests in the businesses, the assets division required a cash settlement in favor of Wife. The order, as shown through Husband's proposed findings of fact, reveals that Husband was awarded $655,634.06 in total assets and Wife was awarded $184,557.86. To make the division equitable, Wife was awarded a cash payment of $37,000.00 at the time of divorce, with a credit of $13,500.00, representing the temporary support paid to Wife, leaving $185,000.00 payable in increments of $2000.00 per month for 92 months and $1000.00 for the 93rd month.

## ISSUES

Wife contends that the trial court erred in several respects. First, she claims that the trial court failed to exercise its judicial authority through its wholesale adoption of Husband's proposed findings of fact and conclusions of law. The second, third and fourth propositions of error involve Wife's assertion that the trial court undervalued the companies, the real estate and the personal property. Wife next argues that the court erred in refusing to value and divide the income from jointly acquired assets accruing after separation and during the pendency of the action. For her sixth contention, Wife claims that the court erred in denying her request for support alimony. Finally, Wife asserts that the court committed numerous evidentiary and procedural errors which prejudiced the outcome of the proceedings against her.

## ANALYSIS

### I.

■ Adopting Husband's proposed findings of fact and conclusions of law does not show that the court "arbitrarily disregarded Wife's evidence of value, resulting in an unjust division of property." In the case at bar, after nine days of testimony and the admission of many documents into the record, the court asked both parties to submit proposed findings and conclusions. After taking the matter under advisement, review-

ing the evidence and examining the proposed findings and conclusions, the trial court adopted Husband's submission in total. Wife has not cited any authority suggesting that the trial court may not properly accept one party's evidence and reject another party's conflicting evidence. So long as those findings and conclusions are not clearly against the weight of the evidence, we may not reverse the trial court's decision merely because it chose to accept Husband's version of the facts and apparently rejected contrary evidence presented by Wife. Our task is to examine those findings and conclusions after reviewing the record and determine whether they are clearly against the weight of the evidence. *Marshall v. Marshall,* 364 P.2d 891 (Okla.1961).

### II.

■ Wife argues that the trial court "grossly undervalued" the four closely held wholesale lumber businesses. Husband's certified public accountant, called as a witness by Wife, testified as to how he determined fair market value of the businesses, including use of Revenue Ruling 59–60 which gives guidelines for evaluation of closely held companies. He also looked at income tax returns, and interviewed both the outside CPA and the principal of the companies, Husband. After arriving at the fair market value of Husband's interests in the companies, the expert then determined a value by reviewing the ability of the companies to be profitable in the business environment, and by considering the companies' recent five-year histories and factors indicating trends in earnings.

Wife's major complaint is that this expert relied too heavily on the figures shown in the tax returns and failed to look "behind" those returns to establish a "true value" for these businesses. However, the evidence was conflicting whether the information in the tax returns was unreliable for purposes of placing a value on these businesses. The trial court heard all of the experts and was in a position to evaluate the worth of their testimony. As we stated in *Casey v. Casey,* 860 P.2d 807, 809 (Okla.App.1993), "... experts

may employ different methods, approach problems from different perspectives, use different relevant time periods and factor in some, and ignore other, 'facts.' The expert will deliver the answer that is produced from his equation. The trial court's determination of property value, however, so long as it is not clearly against the weight of the evidence, is the valuation that matters." The method used by Husband's expert was not legally flawed, and the trial court's decision to use Husband's values is not clearly against the weight of the evidence. Therefore we will not disturb the trial court's valuation of the closely held companies. *Johnson v. Johnson,* 674 P.2d 539 (Okla.1983).

### III.

◼ The parties also acquired interests in several tracts of real estate during their marriage besides their home.[1] As with the other valuations, including those for the personal property, Wife contends that her experts were better prepared or rendered better appraisals. Again, the record contained conflicting evidence concerning the appropriate value to be placed on those items. The trial court's decision in this regard is not clearly against the weight of the evidence and will not be disturbed.

### IV.

◼ Wife claims the trial court improperly treated $28,000 to $30,000 in cash which, according to Husband, was in a safe in the marital home when the parties separated and which remained in Wife's possession, as part of Wife's portion of the marital estate. Wife testified she used some of the cash for living expenses during the pendency of the action and that $17,000.00 remained at the time of trial. Wife argues the sums she expended during the pendency of the action should not have been included in determining how much the estate was awarded to her. Wife received $13,500 as temporary support during this same period. Wife has cited no authority in support of this argument, and we cannot conclude that the trial court's decision

was clearly against the weight of the evidence or an abuse of discretion.

### V.

◼ For her fifth proposition of error, Wife contends that the trial court erred in refusing to value and divide the income from jointly acquired assets accruing after separation. The Oklahoma Supreme Court addressed this issue in *Thielenhaus v. Thielenhaus,* 890 P.2d 925, 933 (Okla.1995), where it stated that many "courts have declined to fashion a rigid rule, holding the date of valuation is to be determined by the trial court *after* due consideration to all of the circumstances in a case. *We prefer to afford the litigants flexibility of the latter approach."* (emphases in the original). With a three-year hiatus between the parties separation and their divorce, we cannot find that the trial court abused its discretion in placing the relevant time for valuation at the separation.

### VI.

◼ With regard to Wife's request for alimony, the Findings of Fact and Conclusions of Law adopted by the trial court stated:

> The Court further finds that in view of the property being awarded to [Wife] that this is not a case in which alimony is warranted. Further the Court finds that [Wife] is fully able to obtain employment having previously worked as a claims adjuster for a major insurance company and who still works on at least a part-time basis, selling clothes. In making this finding the Court recognizes that the monthly expenses outlined by [Wife] in [Wife]'s Exhibit '85' are excessive in amount and in fact are substantially more than the expenses she originally set forth in her Exhibit '13' submitted at the time of the initial Temporary Order hearing.

◼ Because the trial court awarded a substantial amount of marital property to Wife, "her alimony claim must be supported by proof of excess monetary needs to cushion

---

1. The residence, appraised at $111,000.00, carrying a $40,071.00 mortgage debt, was awarded to

Wife.

the economic impact of transition and readjustment to gainful employment." *Johnson* at 546. Although standard of living to which the one seeking support alimony is accustomed is a factor to consider, other factors include amount of income-producing property awarded that person; anticipated length of time for transition to the workforce and cost of maintaining one's self during the post-divorce adjustment period. *Archer v. Archer*, 813 P.2d 1059 (Okla.App.1991).

The trial court's findings that Wife had worked in the past as an insurance adjuster and was presently working part-time are not clearly against the weight of the evidence. Wife is employable. However, the record contains no evidence which would support a conclusion that Wife is currently capable of obtaining employment which would generate sufficient income to meet her needs.

At the initial hearing on temporary support, Wife estimated her monthly needs at approximately $3,900. At trial her needs estimate totaled almost $5,800. Giving due deference to the trial court's specific finding that this latter estimate was excessive, and considering the lifestyle to which both parties were accustomed during the marriage, any conclusion that Wife's needs were less than $2,500 to $3,000 would be clearly against the weight of the evidence.

While Wife did receive "substantial property," her receipt of that property has only a negligible effect on her ability to meet her needs. Despite her request that she be awarded some of the income-producing real estate and other investment accounts, the trial court awarded Wife no income-producing property. The major portion of the value of Wife's share of the marital estate lies in the $185,000 alimony in lieu of property division which the trial allowed Husband to pay

over seven and one-half years, without interest.

■ Under the circumstances of this case, it would be inappropriate to conclude that alimony is unwarranted because Wife's immediate needs can be met by her potential employment when combined with the cash she was awarded and the monthly $2,000 property alimony payments she was to receive over seven and one-half years. "Support alimony is exactly what its name implies, alimony for support and maintenance. Alimony *in lieu of a division* is given for satisfaction of a property division obligation. These are distinct obligations and the acceptance of one does not by implication waive the other." *Greer v. Greer*, 807 P.2d 791, 795 (Okla.1991).[2] The trial court's decision to deny Wife any support alimony is clearly against the weight of the evidence and an abuse of discretion.

■ In an equity case such as this, whenever we determine that the trial court's decision is clearly against the weight of the evidence, we should, whenever possible, render the judgment which, in our opinion, the trial court should have entered. *Matter of Estate of Bartlett*, 680 P.2d 369 (Okla.1984). Accordingly the trial court's judgment is modified, effective as of the date the trial court entered its order adopting the proposed findings of fact and conclusions of law filed by Husband, to award to Wife support alimony in the total amount of $105,000, payable at the rate of $1,750 per month for 60 months. Any accrued amounts shall not bear interest until after mandate in this case has been entered, and the case is remanded to the trial court to consider any request by Husband to pay any accrued amounts in installments.

2. Another division of this Court considered the effect of much larger alimony in lieu of property division award on the need for support alimony and affirmed a trial court denial of support alimony in *Primrose v. Primrose*, 663 P.2d 755 (Okla.App.1983). For purposes of support alimony, however, this case presents circumstances radically different from those confronted in *Primrose*. Mrs. Primrose specifically requested that the trial court not award her the income-producing property in that case, and received almost $200,000 in property at the time of the divorce, in addition to the house and an initial $100,000 payment toward a total alimony in lieu of property award of almost $1.5 million dollars to be paid $70,000 annually. In addition Mrs. Primrose had a college degree. There is no indication in *Primrose*, as there is here, of the likelihood that the spouse needing alimony would be required to consume the major portion of their share of the marital estate for maintenance.

## VII.

Wife claims that the compound nature of several errors in admitting and excluding evidence warrants reversal. However, "error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of a party is affected ..." 12 O.S.1991 § 2104. The settled rule is "only those errors in admission or rejection of evidence which resulted in miscarriage of justice or constitute substantial violation of some constitutional or statutory right require reversal of a cause by this Court." *Davon Drilling Company v. Ginder,* 467 P.2d 470, 474 (Okla.1970). Wife has has not shown how any alleged evidentiary errors resulted in a miscarriage of justice, and we must conclude any error in this regard was harmless.

Finally, in the last two sentences of what we can only characterize as her "catch-all" proposition, Wife claims, without further discussion, that the trial court should have required Husband to pay interest on the property alimony and to pay more toward her attorney fees. Both of these issues are matters within the trial court's discretion, and on this record we cannot conclude that the trial court's denial of Wife's requests was an abuse of discretion or clearly against the weight of the evidence. *See Primrose v. Primrose,* 663 P.2d 755 (Okla.App.1983) and *Wood v. Wood,* 793 P.2d 1372 (Okla.App. 1990).

## CONCLUSION

With the exception of its conclusion concerning support alimony, the findings of facts and conclusions of law adopted by the trial court are not clearly against the weight of the evidence. The trial court's decision is modified to award Wife support alimony totaling $105,000, payable at $1,750 per month for sixty months, effective July 19, 1991. Accrued amounts shall bear interest at the statutory rate for judgment only from the date of the mandate in this case. As so modified, the trial court's judgment is affirmed, and the case is remanded to allow the trial court to consider any request by Husband to pay accrued amounts in installments.

AFFIRMED AS MODIFIED AND REMANDED.

HANSEN, P.J., and CARL B. JONES, J., concur.