2003 OK 92

**Ali PEYRAVY, Plaintiff/Appellee,**

v.

**Juliana PEYRAVY, Defendant/Appellant.**

No. 97,180.

Supreme Court of Oklahoma.

Oct. 28, 2003.

Rehearing Denied Feb. 2, 2004.

Dennis Butler, Lawton, OK, for Plaintiff/Appellee.

James R. Gotwals, Mary L. Gutierrez, Tulsa, OK, for Defendant/Appellant.

KAUGER, J.:

¶1 The only issue presented on certiorari[1] is whether the trial court's award of support alimony is supported by the evidence. We hold that the trial court's award of support alimony was insufficient and an abuse of discretion.

## FACTS

¶2 This cause concerns a dispute over the support alimony awarded to the appellant, Juliana Peyravy (wife), in her divorce from the appellee, Ali Peyravy (husband). The couple was married on February 9, 1979, and had three children who were born on September 29, 1979, September 26, 1983, and January 4, 1985, respectively.

¶3 On August 15, 2000, the husband filed for divorce, seeking a determination of custody of the minor children and a division of real and personal property. The wife filed an answer and counterclaim for divorce on January 2, 2001. She sought a division of real and personal property, custody of the minor children and temporary and permanent child support and support alimony as well as payment of her attorney fees. A temporary order hearing was held on January 9, 2001, and the trial court awarded the wife temporary custody of the two minor

---

1. Numerous allegations of error were raised in the petition in error and addressed by the Court of Civil Appeals. However, the husband only raises and argues one issue in the petition for certiorari—whether the evidence supports an increase of support alimony from $24,000.00 to $360,000.00. Consequently, the remaining issues previously addressed by the Court of Civil Appeals are not before us. *Hough v. Leonard,* 1993 OK 112, ¶18, 867 P.2d 438; Oklahoma Supreme Court Rule 1.180, 12 O.S.2001, Ch. 15 App. 1. The Supreme Court does not review issues decided by the Court of Civil Appeals adversely to a party that are not re-tendered for review on certiorari. *Jackson v. Jackson,* 2002 OK 25, ¶12, 45 P.3d 418; *Barnett v. Barnett,* 1996 OK 60, ¶13, 917 P.2d 473.

children and $3000.00 a month for temporary support.

¶ 4 When the divorce was filed, the 44–year–old husband operated the family's two corporations—Friends, Inc. and Peyravy Properties.[2] Friends, Inc. operates and owns several Subway stores in Lawton, Oklahoma, and the surrounding area. Peyravy Properties owns the real property on which the Subway stores are located and collects rent from the stores. The wife attributed the net value of the companies together at nearly $968,000.00. According to the husband, his average monthly income paid by the corporations is $9,100.00 a month. The husband also apparently enjoys benefits provided by the corporations such as paid vacation trips, the use of vehicles, insurance, gasoline, etc.

¶ 5 The 52–year–old wife was financially dependent on her husband when the divorce was filed. According to the wife, her monthly expenses exceeded $10,000.00.[3] Although she is a licensed practical nurse, she quit working full-time outside the home upon the birth of their first child. In 1984, the wife fell down some stairs and broke her foot which has caused a permanent limp and pain in her hip. In 1987, she was diagnosed with systemic lupus which causes pain, swelling, arthritis, fatigue, sensitivity to sunlight, heat and cold which has limited her ability to work full time outside the home. Nevertheless, the wife expressed a desire to go back to school and learn another skill in order to become self-sufficient.

¶ 6 After a trial on the merits, the trial court divided the personal property and debts and issued a divorce decree which was filed on November 27, 2001. The trial court awarded custody of the minor children to the wife and found that the husband was responsible for child support in the amount of $1,197.46 payable for twenty-four months.

The court also required the husband to maintain health insurance on the children and to pay the wife's health insurance for six months.

¶ 7 The court awarded the husband the family businesses known as Friend's, Inc. and Peyravy Properties, subject to indebtedness. It also awarded him a Ford Expedition, subject to indebtedness, the proceeds of an expected tax refund of $27,000.00, his IRA valued at approximately $33,000.00, and his personal property. The trial court found that the wife was entitled to the home in Tulsa, subject to indebtedness,[4] a timeshare condominium in Colorado, her IRA accounts valued at approximately $39,728.00, a Toyota Camry, and her personal property.

¶ 8 The court also awarded the wife $200,000.00 alimony in lieu of property division payable at a rate of $2,000.00 per month. Support alimony of $24,000.00 was ordered to be paid at $4,000.00 per month for six months. The husband was ordered to pay most of the credit card debt incurred prior to the date of separation, and the wife was held responsible for the credit card debt she incurred after the date of separation.

¶ 9 The wife appealed on December 26, 2001, arguing numerous allegations of error. On April 11, 2003, the Court of Civil Appeals, in an unpublished opinion, affirmed in part, modified in part and reversed in part and remanded with instructions. It affirmed the trial court's ruling regarding venue, alimony in lieu of property division, and a motion for a continuance. However, it modified the trial court's award of support alimony from $24,000.00 to $360,000.00, determined that evidence of some of the husband's corporate benefits should have been considered to calculate his income for child support purposes, and reversed and remanded the trial court's rulings regarding attorney fees.

2. The husband and wife jointly owned 70% of the corporations and their children jointly owned the other 30%.

3. The wife's exhibit # 12 estimates her monthly expenses at $10,645.00. Nearly $5,500.00 of that are expenses related to the house. Her monthly expenses without household expenses or expenses related to her daughter's college are approximately $3548.00.

4. Although the value of the thirteen thousand square foot house was disputed, the parties purchased it in 1997, for $530,000.00 and put approximately $270,000.00 towards renovations. At the time of the divorce, approximately $473,685.00 was still owed on the home.

¶ 10 On April 30, 2003, the husband filed a petition for certiorari, arguing that the evidence in the record does not support an increase of support alimony from $24,000.00 to $360,000.00. The Court of Civil Appeals increased the alimony payments by fifteen times. Because we think this amount is excessive, we granted certiorari on July 1, 2003.

¶ 11 **THE TRIAL COURT'S AWARD OF SUPPORT ALIMONY WAS INSUFFICIENT AND AN ABUSE OF DISCRETION.**

■ ¶ 12 The husband argues that under the facts and circumstances presented, the amount of support alimony awarded by the trial court was adequate.[5] The wife insists that the trial court abused its discretion in its award of support alimony of only $24,000.00.

■ ¶ 13 In a divorce action, the trial court is vested with wide discretion in dividing property and awarding alimony.[6] On appeal, this court will not disturb the trial court's judgment regarding property division or alimony absent an abuse of discretion or a finding that the decision is clearly contrary to the weight of the evidence.[7] In awarding alimony, although each case depends on its own facts and circumstances,[8] it must be reasonable.[9]

■ ¶ 14 Alimony is an allowance made by the court for the maintenance of a party.[10] Ability to pay is not the sole criterion for an award of alimony.[11] Support alimony is awarded based on the recipient's demonstrated need.[12] A consideration of appropriate factors to base support alimony include: demonstrated need during the post-matrimonial economic readjustment period; the parties' station in life; the length of the marriage and the ages of the parties; the earning capacity of each spouse; the parties' physical condition and financial means; the mode of living to which each spouse has become accustomed during the marriage; and evidence of a spouse's own income-producing capacity and the time necessary to make the transition for self-support.[13]

¶ 15 Here, the parties had been married for twenty-two years when the divorce was granted. The husband supported the family. Although the wife was an LPN and was willing to obtain training to supplement her income in the future, her health clearly inhibited her ability to work full time outside the home. We have not previously addressed a case that was factually identical to the present one. However, we have reviewed alimony awards where the husband's income was significantly more than the wife's; and the wife had some means of self-support. In most cases, the alimony award was significantly more than $24,000.00.

¶ 16 For example, in *Mocnik v. Mocnik*, 1992 OK 99, ¶ 34, 838 P.2d 500, we increased an alimony award from $60,000.00 to

**5.** In his brief, the husband also argues that after the divorce the wife sold the house and became gainfully employed. While these facts may be relevant for post-modification purposes, these facts were not before the trial court at the time of the divorce and are consequently not a consideration in this appeal.

**6.** *McLaughlin v. McLaughlin*, 1999 OK 34, ¶ 12, 979 P.2d 257; *Teel v. Teel*, 1988 OK 151, ¶ 7, 766 P.2d 994; *Kiddie v. Kiddie*, 1977 OK 69, ¶ 3, 563 P.2d 139, 85 A.L.R.3rd 977.

**7.** *Younge v. Younge*, 2002 OK 12, n. 21, 41 P.3d 966; *McLaughlin v. McLaughlin*, see note 6, supra; *Johnson v. Johnson*, 1983 OK 117, ¶ 24, 674 P.2d 539; *Carpenter v. Carpenter*, 1983 OK 2, ¶ 24, 657 P.2d 646.

**8.** *McLaughlin v. McLaughlin*, see note 6, supra at ¶ 13; *Durland v. Durland*, 1976 OK 102, ¶ 5; 552 P.2d 1148; *Reed v. Reed*, 1969 OK 95, ¶ 24, 456 P.2d 529.

**9.** *Whitehead v. Whitehead*, 1999 OK 91, ¶ 5, 995 P.2d 1098; *McLaughlin v. McLaughlin*, see note 6, supra at ¶ 13; *Fisher v. Fisher*, 1976 OK 193, ¶ 3, 558 P.2d 391; *Johnston v. Johnston*, 1968 OK 47, ¶ 17, 440 P.2d 694.

**10.** *Whitehead v. Whitehead*, see note 9, supra.

**11.** *McLaughlin v. McLaughlin*, see note 6, supra at ¶ 13.

**12.** *Younge v. Younge*, see note 7, supra at ¶ 14; *Wilson v. Wilson*, 1999 OK 65, ¶ 6, 987 P.2d 1210; *Johnson v. Johnson*, see note 7, supra at ¶ 23.

**13.** *Younge v. Younge*, see note 7, supra, n. 21; *McLaughlin v. McLaughlin*, see note 6, supra at ¶ 13.

$120,000.00 where the parties had been married for eighteen years; the husband had an earning capacity of $215,000 a year; and the wife, although physically and mentally unable to immediately work or go to school full-time, had an earning capacity of $20,000.00. In *Durland v. Durland,* 1976 OK 102, ¶ 5, 552 P.2d 1148, the Court increased an alimony award from $36,000.00 to $48,000.00 where the parties had been married nineteen years; the wife earned a minimal income in a clothing store, but was not trained for any particular employment outside of the home; and one of the children was a diabetic and required some special care.

¶ 17 Similarly, in *Aronson v. Aronson,* 1970 OK 74, ¶ 31, 468 P.2d 493, the Court reviewed a divorce which dissolved a fifteen year marriage. The husband was a doctor earning about $60,000.00 per year and the wife worked as a substitute elementary school teacher earning only $500.00 per month. The Court determined that the trial court abused its discretion in awarding alimony of only $60,000.00 and it increased the alimony to $90,750.00. In other cases, when faced with similar circumstances, this Court

refused to reduce awards of support alimony which were significantly more than $24,000.00.[14]

¶ 18 Based on the length of the marriage, the age of the parties, the ability of the husband to pay, the needs of the wife for living expenses and her current income potential, the trial court clearly abused its discretion when it only awarded the wife $24,000.00 in support alimony. On the record presented, this amount is insufficient to provide the wife the necessary opportunity for post-marital economic readjustment.

¶ 19 Divorce cases are of equitable cognizance. Therefore, ordinarily this Court orders the disposition the trial court should have made.[15] Here, in determining income, the trial court considered only the husband's income tax returns to calculate average monthly income. The record reflects other evidence indicating increased income, i.e. checking account balances and numerous benefits from his corporations. We agree with the Court of Civil Appeals that the husband's income must be recalculated for purposes of child support. Because we

14. See, e.g., *Ford v. Ford,* 1988 OK 103, ¶ 11, 766 P.2d 950 [No reduction of support alimony of $2,000.00 per month for twenty-four months where wife was educated, but was not employed at the time of divorce and husband earned $4,300.00 per month after taxes.]; *Carpenter v. Carpenter,* see note 7, supra at ¶ 27 [Sixty-one year old wife in thirty-six year marriage who had devoted herself to running home and volunteer work, but who had clerical skills received $162,000.00 in alimony from husband who, at his peak earned $91,796.]; *Stansberry v. Stansberry,* 1978 OK 77, ¶ 8, 580 P.2d 147 [Support alimony award of $240,000.00 upheld for wife of doctor, married twenty-one years, with secretarial skills, but who suffered from macular degeneration of the eyes.]; *Seelig v. Seelig,* 1969 OK 160, ¶ 13, 460 P.2d 433 [Award to wife of $236,958.00 of property and alimony from joint property valued at $142,000.00 and whose husband made $35,000.00 a year upheld.]; *Zink v. Zink,* 1964 OK 49, ¶ 18, 390 P.2d 504 [Wife who was married seven years and who was not trained and unable to work outside the home was awarded $60,000.00 alimony and as division of jointly acquired property, if any, from husband who earned $30,000.00 per year.]; *Hughes v. Hughes,* 1961 OK 112, ¶ 14, 363 P.2d 155 [Alimony of $72,700.00 awarded to wife of twenty-eight year marriage upheld against husband whose salary was $35,000.00 per year.]. Similarly, the Court of Civil Appeals has also upheld support alimony awards significantly higher than $24,000.00 in

similar circumstances. *Bond v. Bond,* 1996 OK CIV APP 3, ¶ 18, 916 P.2d 272 [Support alimony increased to $105,000.00 to wife of seventeen year marriage who did not work outside the home, did not have college degree and who had limited experience as a claims adjuster.]; *Casey v. Casey,* 1993 OK CIV APP 129, 860 P.2d 807 [Award of $36,000.00 to wife of more than twenty year marriage who worked outside the home briefly, but had no other significant work experience or college education.]; *Lincoln v. Lincoln,* 1992 OK CIV APP 124, ¶ 16, 840 P.2d 41 [Award of $36,000.00 in support alimony to wife who had been married for twenty-two years and had high school diploma and gross monthly income of $866.67 from husband who made $37,000.00 to $39,000.00 per year.]; *Ford v. Ford,* 1992 OK CIV APP 123, ¶ 14, 840 P.2d 36 [Alimony award of $73,500.00 upheld to wife of nineteen year marriage.]; Although the Court of Civil Appeals opinions were not approved for publication by this Court, they are entitled to persuasive effect. Title 20 O.S.2001 § 30.5; Rule 1.200, Oklahoma Supreme Court Rules, 12 O.S.2001, Ch. 15, App.1.

15. *Barnett v. Barnett,* see note 1, supra at ¶ 8; *Evans v. Evans,* 1993 OK 59, ¶ 5, n. 12, 852 P.2d 145; *Larman v. Larman,* 1999 OK 83, ¶ 18, 991 P.2d 536.

also think that the increase in the amount of support alimony by the Court of Civil Appeals was excessive, we remand the cause for a reconsideration of support alimony following a reassessment of the husband's monthly income.

### CONCLUSION

¶ 20 In a divorce action, the trial court is vested with wide discretion in dividing property and awarding alimony.[16] On appeal, this Court will not disturb the trial court's judgment regarding property division or alimony absent an abuse of discretion or a finding that the decision is clearly contrary to the weight of the evidence.[17] The record presented discloses that the trial court abused its discretion when it awarded the wife only $24,000.00 in support alimony payable at a rate of $4,000.00 for six months. Because the cause was previously remanded for re-calculation of the husband's income for purposes of child support, we also remand for the re-calculation of support alimony.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED IN PART; TRIAL COURT REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.**

WATT, C.J., OPALA, V.C.J., HODGES, SUMMERS, BOUDREAU, WINCHESTER, JJ., concur.

LAVENDER, HARGRAVE, JJ., dissent.

---

**16.** *McLaughlin v. McLaughlin,* see note 6, supra; *Teel v. Teel,* see note 6, supra; *Kiddie v. Kiddie,* see note 6, supra.

**17.** *Younge v. Younge,* see note 7, supra; *McLaughlin v. McLaughlin,* see note 6, supra; *Johnson v. Johnson,* see note 7, supra; *Carpenter v. Carpenter,* see note 7, supra.