Doris Irene EISENREICH, Plaintiff in
Error,

v.

Carl EISENREICH, Defendant in Error.

No. 37892.

Supreme Court of Oklahoma.

March 4, 1958.

Rehearing Denied March 25, 1958.

Luttrell & Luttrell, Norman, for plaintiff in error.

Bailey & Whitlock, Norman, for defendant in error.

HALLEY, Justice.

Carl Eisenreich filed this action for divorce in the District Court of Cleveland County against Doris Irene Eisenreich upon the ground of "incompatibility." They had married at Gordon, Nebraska, in 1943, and will be referred to as they appeared in the trial court. A divorce was granted the plaintiff and he was ordered to pay defendant's attorneys $150 at $50 per month and to pay defendant for alimony and an equitable division of personal property the sum of $800 at $80 per month. The defendant has appealed, not from the decree of divorce but on the sole ground that the amount granted to defendant as a division of property and for alimony is entirely inadequate.

Plaintiff testified that he was a career man in the Navy and that his base pay was $280.80 per month; that defendant had an allotment of $157.10, $80 of which came out of his base pay, leaving him $207 a month.

Defendant testified she was attending a Comptometer school at Omaha, Nebraska, but not getting along well and was not sure that she would finish the course; that an efficient test grade was 72%, but she had only made 40% twice and had made 32.36 and 38 on other tests; that she had never been employed except at odd jobs; that she had been afflicted with polio as a child which left one leg weaker and out of shape, causing her to limp in walking; that standing on her feet caused her legs to swell or get stiff and her injured leg would bend at the knee and cause her pain; that as a result she could not do work requiring standing, such as waitress work; that she had no money or property and no means of livelihood. She further testified that at the time of the trial she was living in a room for which she paid rent of $35 per month. The room was not heated and was very poorly equipped for bedroom and kitchen purposes.

■ Was the division of jointly acquired property and the alimony allowed to Mrs. Eisenreich in this case proper? We are mindful of the general rule to the effect that where a divorce is granted to the husband for the fault of the wife, she is not entitled to alimony as a matter of right, though it may be awarded to her within the discretion of the court. Haynes v. Haynes, 190 Okl. 596, 126 P.2d 65.

Section 1278, 12 O.S.1951, provides that property acquired jointly during marriage shall be divided by the court between the parties as may appear "just and reasonable", or such property may be awarded to one of the parties with the requirement that the one deprived of such property be paid such sum as may be just to effect a fair and just division of such property.

In the case before us the personal property jointly acquired consisted of a washing machine, television set, cooking utensils and automobile, subject to a mortgage of $2,800. It was all awarded to the husband and he was required to pay the defendant the sum of $800 at $80 per month, and to pay her attorneys $150.

Only the parties to this action testified. We think they both testified with commendable frankness. It is not disputed that the defendant was handicapped physically as the result of polio which she had as a child. The plaintiff knew of this before they were married.

It should be kept in mind that the plaintiff receives, in addition to his salary, his living quarters and food free of charge.

We have also considered that the parties were man and wife for more than twelve years and her undertaking to prepare herself to make a living in spite of her handicap.

■■ We have examined all of the cases cited by the plaintiff in support of the judgment rendered and find that the facts in each case are so materially different from the facts in the case before us that the decisions are not of much help in passing upon the amount allowed the defendant here. However, in Murphy v. Murphy, Okl., 276 P.2d 920, 924, this Court gave a sound rule as to what should be considered in deter-

mining the amount to be allowed in a case of this nature when it said as follows:

"In determining the amount to be allowed consideration is to be given to the conduct of the parties, and the wife's condition and means, as well as the husband's estate and his ability to pay alimony. See Smyth v. Smyth, 198 Okl. 478, 179 P.2d 920, and cases therein cited. * * *"

■ When we consider all of the facts and circumstances before us we must conclude that the court abused his judicial discretion in awarding to the defendant only $800.

The judgment in respect to a division of property and alimony is modified and affirmed with directions to allow the defendant the sum of $3,000 as permanent alimony instead of $800, payable at the rate of $80 per month, and the additional sum of $200 as attorneys' fee, payable to her attorneys for prosecuting this appeal in addition to the $150 allowed by the trial court, which fee shall be paid at the rate of $50 per month, and the plaintiff (defendant in error) shall pay the costs of this appeal.