Jeanne Marie DURLAND, Appellant,

v.

Jack R. DURLAND, Jr., Appellee.

No. 47843.

Supreme Court of Oklahoma.

July 27, 1976.

James A. Kirk, Linn, Helms, Kirk & Burkett, Oklahoma City, for appellant.

Andrew M. Coats, Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, for appellee.

HODGES, Vice Chief Justice.

This is a petition for certiorari from the Court of Appeals Division # 2. We are granting certiorari for the limited purposes of increasing the alimony judgment and awarding attorney fees to appellant for successfully prosecuting the appeal. The judgment of the trial court and the Court of Appeals is otherwise affirmed.

The appellant, Jeanne Marie Durland, contends the trial court abused its discretion in its award of an alimony judgment in the amount of $36,000.00. We agree.

The parties had been married nineteen years. The wife has only minimal income

from her partial ownership in a second hand clothing store. She is not trained for any particular employment outside the home. In addition, one of the children of the parties is a diabetic and requires special care and attention by appellant.

The facts reveal the husband's income from his law practice over the past few years was:

| | |
|---|---|
| 1970 | $28,472.90 |
| 1971 | 36,189.27 |
| 1972 | 45,996.00 |
| 1973 | 54,653.00 |
| 1974  (Jan. – July) | 45,698.33 |

There is no fixed percentage or rule available by which to determine the amount of alimony to be awarded in the granting of divorce. The propriety of the award depends on the facts and circumstances of the particular case but it must be reasonable.[1] The determination of the amount of alimony to be allowed in a divorce action requires the consideration of the station in life and the conduct of the parties, the earning capacity and estate of the husband, and the financial means and physical condition of the wife.[2]

We feel, based upon a consideration of the appropriate factors involved, including the parties' station in life; the length of the marriage; and the lack of educational preparation of the wife; the alimony judgment should be increased from $36,000.00 to $48,100.00, payable in installments at the rate of $650.00 per month until appellee has paid appellant seventy-four equal installments. The obligation of the appellee to pay future installments of alimony will automatically terminate on death or remarriage of appellant pursuant to 12 O.S.1971 § 1289.

The appellant requests attorney fees and costs of printing briefs. Appellant argues she was required to appeal the trial court's judgment in order to obtain just and equitable orders relating to property settlement, alimony, and payment of debts. The appeal from the divorce decree of necessity required legal research and the preparation of a brief for presentation. The appellant is granted an additional $500.00 for attorney fees and costs.[3]

CERTIORARI GRANTED FOR THE LIMITED PURPOSE OF INCREASING AMOUNT OF ALIMONY JUDGMENT AND AWARDING ADDITIONAL ATTORNEY FEES FOR PROSECUTION OF APPEAL. JUDGMENT OF TRIAL COURT AND COURT OF APPEALS OTHERWISE AFFIRMED.

WILLIAMS, C. J., and DAVISON, IRWIN, LAVENDER, BARNES and SIMMS, JJ., concur.

DOOLIN, J., dissents.

1. *Whiteker v. Whiteker*, 332 P.2d 953 (Okl. 1959) ; *Johnston v. Johnston*, 440 P.2d 694 (Okl.1968).

2. *Herndon v. Herndon*, 503 P.2d 545 (Okl. 1972) ; *Kirkland v. Kirkland*, 488 P.2d 1222, 1227 (Okl.1971) ; *Seelig v. Seelig*, 460 P.2d 433 (Okl.1969) ; *Murphy v. Murphy*, 276 P. 2d 920 (Okl.1954).

3. *Dowdell v. Dowdell*, 463 P.2d 948, 953 (Okl. 1970) ; *Lavender v. Lavender*, 435 P.2d 583 (Okl.1967) ; 12 O.S.1971 § 1276.