Billie Jo STANSBERRY, Appellee,

v.

Richard D. STANSBERRY, M. D., Appellant.

No. 47611.

Supreme Court of Oklahoma.

May 23, 1978.

Rehearing Denied June 28, 1978.

John C. Buckingham, McPherson & Buckingham, Oklahoma City, James W. "Bill" Berry, Berry, Nesbitt & Berry, Oklahoma City, for appellee.

H. C. Cooper, Oklahoma City, Roy E. Grantham, Grantham, Casey & Kirkpatrick, Ponca City, for appellant.

LAVENDER, Vice Chief Justice:

Divorce decree, dated January 2, 1975, granted wife, Billie Jo Stansberry (wife), a divorce from husband, Richard D. Stansberry, M.D. (husband). Trial court determined the parties to be incompatible by fault of the husband. Marital estate found to have a value of some $350,000 with wife receiving a property division of approximately forty percent and husband's portion being the remaining part of approximately sixty percent. Wife's percent included alimony pertaining to the division of property of some $87,500 payable over 87 months at $1,000 per month. Wife received alimony as support of $240,000 payable over 240 months at $1,000 per month. She was given custody of their only child, a son, then 13 years of age, and child support of $500 per month. She was awarded certain attorney fees and expert witness fees as litigation expense. Both parties appealed.

The Stansberrys were married at Washington, D.C., in 1954, and the marriage lasted for some nineteen years. The husband was attending George Washington University medical school. On his graduation, they moved to Oklahoma City for his internship. He entered private medical practice there in 1962 and had been so engaged for eleven years prior to trial. His medical practice was successful. At time of trial, he was 45 years of age.

At the time of the marriage, the wife was employed as a secretary. She was similarly employed either full or part time for about the first ten years of the marriage. She has a progressing macular degeneration of the eyes that makes driving and secretarial work increasingly difficult. Dr. W. testified as to no known treatment at the present time. This doctor made a medical prognosis of legal blindness occurring with either sudden deterioration or over a period of years. At time of trial, she was 42 years of age.

In 1960, a son was born of the marriage. At time of trial, he was 13 years of age.

The living standard of the family at time of the divorce proceedings was high. There was a residence with pool in the Quail Creek section of Oklahoma City. The son attended one of the more expensive private schools. During pendency of the divorce action, father and son had taken trips to Seattle, Hawaii, Alaska, New York City, and El Paso. The mother and son had traveled to San Francisco on a spring break. Testimony by accountants relating to 1972 income tax return suggests a gross income of around $140,000, with the medical practice contributing the largest portion. Operation losses in a farming and a horse racing venture resulted in an adjusted gross income of some $77,000. The 1972 taxable income was $66,000. The 1973 medical practice income was estimated by an accountant witness as about the same as for the year 1972.

The Court of Appeals decision quotes at length and adopts language of a dissenting opinion in *Olsen v. Olsen*, 98 Idaho 10, 557 P.2d 604 (1976).[1] We are not persuaded by that dissent and do not accept the dissent's understanding of alimony as controlling here, or as legal precedent in this jurisdiction. As said in *Harden v. Harden*, 182 Okl. 364, 77 P.2d 721, 724 (1938), "(i)t would be erroneous to limit the alimony award merely to the bare necessary maintenance requirements of the wife, where, as here, there is full justification for a much larger award * * *."

In *Durland v. Durland*, Okl., 552 P.2d 1148 (1976) this court said:

> ative needs and abilities of both parties." It cites *Shepard v. Shepard*, 94 Idaho 734, 497 P.2d 321 (1972).

---

1. The majority opinion in *Olsen* said on the issue of determining the justness of alimony payments that "court must consider the correl-

" * * * The determination of the amount of alimony to be allowed in a divorce action *requires the consideration of the station in life* and the conduct of the parties, *the earning capacity* and estate of the husband, and the financial means and *physical condition* of the wife.[2] (Emphasis added.)

"[2] *Herndon v. Herndon*, 503 P.2d 545 (Okl. 1972); *Kirkland v. Kirkland*, 488 P.2d 1222, 1227 (Okl.1971); *Seelig v. Seelig*, 460 P.2d 433 (Okl.1969); *Murphy v. Murphy*, 276 P.2d 920 (Okl.1954)."

Based upon a consideration of the appropriate factors involved, including the parties' station in life, the length of the marriage, the husband's earning capacity, and the wife's physical condition, we cannot find the support alimony granted by the trial court to be contra to the evidence and an abuse of discretion. *Reed v. Reed*, Okl., 456 P.2d 529 (1969).[2] The review standard on appeal as to an alimony award is not the substitution of the appeals court judgment for that of the trial court, but whether there was an abuse of discretion by the trial court. Here, we find no such abuse.

The Court of Appeals decision reduces child support from $500 per month to $400 per month. There, the private school tuition is suggested to be $100 per month, but a verified pleading filed approximately four months after the entering of the divorce decree indicates a tuition of $1,900. No allowance is made for the son's personal spending during his teenage years. Adjusting the child support allowed by the Court of Appeals so as to include these additional expenses, we find no abuse of discretion by the trial court in its child support award of $500 per month, when considered in relationship with the father's earning capacity and the family's living standard. We affirm the trial court in its award of $500 per month child support.

We agree with that portion of the Court of Appeals decision finding harmless error to the husband as to the trial court (1) allowing some questioning as to his possible association with another female; (2) finding the grounds of divorce to be incompatibility but at the fault of the husband; and (3) use of some values in determining the marital estate. We agree with the Court of Appeals in refusing the wife's contentions of error in (1) finding a net marital estate with a value of $350,600; (2) division of that estate of some forty percent to the wife and sixty percent to the husband; and (3) the inadequacy of attorney and expert witness expense.

A review of the record by both this court and Court of Appeals finds sufficient evidence to support the trial court's determination of these matters. Evidence of values by competent appraisers as expert witnesses, though sometimes in conflict, allows the establishment of a net marital estate of some $350,600. That estate need not necessarily be equally divided to be an equitable division. *Stuart v. Stuart*, Okl., 433 P.2d 951 (1967).

Nor do we disagree with the determination by the Court of Appeals that allowing the wife an attorney fee of $18,000 is not against the clear weight of the evidence and not an abuse of discretion by the trial court. Under the circumstances here, we approve that portion of the Court of Appeals decision that requires each party as to this appeal to be responsible for his or her own attorney fee and to divide the cost of this appeal, with each paying his or her own brief printing cost. We affirm, as did the Court of Appeals, the trial court on his granting of attorney fee, fixing the fee of a C.P.A. witness at $1,200, to be paid by the husband.

Under the circumstances pointed to by the Court of Appeals of the rather lengthy period of time of this appeal and of substantial amount of money paid by the

2.  Syllabus by the court:

    "There is no rule available by which to measure or determine the amount of alimony to be awarded a party as each case depends on its own facts and circumstances; and the awarding or denial of alimony rests within the sound discretion of the trial court, and in the absence of abuse of such discretion the judgment of the trial court awarding or denying alimony will not be set aside on appeal."

husband in compliance with the judgment of the trial court and subsequent orders, we find credit should be allowed of amounts so paid since the entering by the trial court of its judgment. *Dowdell v. Dowdell*, Okl., 463 P.2d 948, 953 (1969).

COURT OF APPEALS DECISION VACATED; TRIAL COURT AFFIRMED AND REMANDED, IF NECESSARY, TO DETERMINE CREDITS TO JUDGMENT FOR AMOUNT PAID PENDING APPEAL.

DAVISON, WILLIAMS, IRWIN, BERRY, BARNES, SIMMS and DOOLIN, JJ., concur.