AMERICAN FIRST ABSTRACT COMPANY, Cleveland County Abstract Company and Southwest Title and Trust Company, Appellants/Cross-Appellees,

v.

WESTERN INFORMATION SYSTEMS, INC., a corp.; Oklahoma Information Systems, a lim. ptnshp.; Billie Jean Gatewood, County Clerk of Cleveland County; and Board of County Commissioners of Cleveland County, Oklahoma, Appellees/Cross-Appellants.

No. 63142.

Supreme Court of Oklahoma.

April 14, 1987.

H.L. Heiple, Heiple Law Offices, Inc., John M. Lutrell, Lutrell, Pendarvis and Rawlinson, Ben Benedum, Benedum, Benedum and Barr, Norman, for appellants/cross-appellees.

John L. Arrington, Jr., David E. Crawford, Judy L. Johnston, Huffman, Arrington, Kihle, Gaberino & Dunn, Tulsa, for appellees/cross-appellants.

SIMMS, Justice:

Appellants, plaintiffs below, were licensed abstractors in Cleveland County. They sought to enjoin defendants from copying documents affecting title to real estate which were filed with the Cleveland County Clerk. The injunctive action was predicated on the theory that defendants/appellees were attempting to engage in the business of abstracting without fulfilling the requirements of a bond and an

independent set of records as required by 1 O.S.1981, § 1, et seq.[1]

Appellees, Western Information Systems, Inc. (WIS), entered into a contract with the Board of County Commissioners of Cleveland County whereby WIS would be allowed to microfilm the records and indexes of the real estate records located in the county clerk's office, for the purpose of allowing WIS and its affiliate, Oklahoma Information Systems, to engage in the business of providing copies of these records to its customers. As consideration for this privilege, WIS was to provide a copy of its microfilm to the county. Additionally, the county agreed to provide WIS with copies of instruments filed of record in the future, subject to WIS' payment of the statutory copying fee, and the County was to purchase microfilm copies of these instruments from WIS at a rate not to exceed $1.00 per page.

The trial court refused to grant the requested injunctive relief, but found the contract was in contravention of the Oklahoma Constitution, Article 10, Section 26.[2] The trial court further found that the business WIS intended to engage in did constitute "the compiling of abstracting titles to real estate", and granted injunctive relief to the extent of preventing the "implementation or carrying out the terms of the agreement" between WIS and the County Commissioners. Both parties have appealed the rulings of the trial court.

### I.

■ The single issue to be addressed is whether the appellee's proposed business venture constitutes the business of abstracting within the meaning of the statute then in effect. 1 O.S.1981, § 1, et seq.

Title 1 did not contain a definitional section. When a statute does not define a word or words contained therein, the courts will interpret the words in their common, ordinary sense. *Loffland Bros. Equipment v. White*, Okl., 689 P.2d 311 (1984).

In 1984, the Legislature enacted the Oklahoma Abstractor's Law, 74 O.S.1984 Supp., § 227.10, et seq., incorporating Title 1, §§ 1–15 virtually unchanged, in addition to incorporating a definitional section. When two or more enactments are concerned, the courts must give the primary effect to the latest expression of the Legislative will. *Grand River Dam Authority v. State*, Okl., 645 P.2d 1011 (1982).

Section 223.11(1) defines "abstract of title" quite specifically:

" 'Abstract of title' is a compilation in orderly arrangement of the materials and facts of record, in the office of the county clerk and court clerk, affecting the title to a specific tract of land issued persuant to a certificate certifying to the matters therein contained."

The record before us shows that the WIS' business venture only fits this definition in part. WIS compiles copies of records only from the office of the county clerk. WIS does arrange their materials in an orderly arrangement, and the instruments copied do affect title to a specific tract of land, but WIS issues no certificate and, in fact, the record shows that WIS specifically disclaims any and all warranties of completeness or accuracy.

WIS reproduces copies of selected instruments filed of record found in the County Clerk's office. Where an act of the Legislature embodies a definition, that definition is binding on the courts. *Oliver v. City of Tulsa*, Okl., 654 P.2d 607 (1982). Although the above definition was not part of the statute then in existence, the legislative definition is quite persuasive regarding the issue presented here. It would be a broad expansion of this precise definition to include this appellee's product within the definition of "abstract of title". The product WIS intends to sell to the customers is like an abstract of title, however, it falls far short of being an abstract of title within the meaning of the statute in two respects. First, the product is not a compilation of all of the instruments affecting title to real

1. Now 74 O.S.1984 Supp., 227.10, et seq.

2. Art. 10, Sec. 26, prohibits a county or other political sub-division from becoming indebted in an amount exceeding, in any year, the income and revenue provided for such year without the assent of three-fifths of the voters thereof.

state located in both the office of the County Clerk and the office of the Court Clerk. Secondly, and most importantly, it contains no warranty as to completeness or accuracy. Applying the recent Legislative definition, we are of the opinion that WIS is not engaged in the business of preparing abstracts of title to real estate.

This conclusion would be the same without reference to the new Oklahoma Abstractors Law, 74 O.S.Supp.1984, § 227.10, et seq. The product WIS proposes to sell does not fit the definition of Abstract of Title that appears in Black's Law Dictionary:

> "ABSTRACT OF TITLE. A condensed history of the title to land, consisting of a synopsis or summary of the material or operative portion of *all the conveyances, of whatever kind or nature, which in any manner affect said land,* or any estate or interest therein, *together with a statement of all liens, charges, or liabilities* to which the same may be subject, and of which it is in any way material for purchasers to be appraised ..." (citation omitted, emphasis added) Black's Law Dictionary, 5th ed., at 10.

The record and testimony show that, at best, WIS intends to act as a surrogate landman for its clients in the energy industry. By any definition, the product WIS sells is not an abstract of title. It follows that WIS is not an abstractor and is not subject to the provisions in either the Oklahoma Abstractors Law or this Court's holding in *Application of Richardson,* 199 Okl. 406, 184 P.2d 642 (1947), where we held that an applicant for a certificate of authority to be an abstractor must have his own set of indexes and records.

## II.

None of the parties have briefed the issue of whether the trial court's finding that the contract between WIS and the County was contrary to the provisions of the Constitution of the State of Oklahoma. We therefore treat this question as waived. *Peters v. Golden Oil Co.,* Okl., 600 P.2d 330 (1979).

We agree with the ruling of the trial court that the plaintiffs, American First Abstract Company, et al., are not entitled

to an injunction prohibiting WIS from copying selected real estate records located in the office of the County Clerk. We disagree with the trial court's finding that the business WIS proposes in Cleveland County constitutes compiling or abstracting titles to real estate.

## III.

An after enacted statute, 51 O.S. Supp.1986, § 24A.5 (4), provides:

> "The land description tract index of all recorded instruments concerning real property required to be kept by the County Clerk of any County shall be available for inspection or copy in accordance with the provisions of Oklahoma Open Records Act; provided, however such index shall not be copied and/or mechanically reproduced for the purpose of sale of such information."

The potential questions presented by this statute enacted after trial were, of course, not raised in the trial court. Under the authority of *Diffenderfer v. Cent. Baptist Church of Miami, Fla., Inc.,* 404 U.S. 412, 414, 92 S.Ct. 574, 30 L.Ed.2d 567 (1972), we vacate the judgment of the trial court only insofar as it relates to the microfilming of indexes in the office of the County Clerk and remand this single issue to the District Court with leave to Appellants/Cross-Appellees to amend their pleadings.

The trial court's order denying an injunction to prevent WIS from microfilming the records of the office of the County Clerk of Cleveland County relating to real estate and selling copies to third parties is AFFIRMED.

The judgment of the trial court insofar as it enjoins WIS and Cleveland County officials from implementing the terms of the agreement dated October 17, 1985, is AFFIRMED.

AFFIRMED IN PART AND CAUSE REMANDED ON SINGLE ISSUE.

All the Justices concur.