1999 OK 34

**Roberta McLAUGHLIN,**
**Appellee/Plaintiff,**

v.

**Robert L. McLAUGHLIN,**
**Appellant/Defendant.**

**No. 90,298.**

Supreme Court of Oklahoma.

April 27, 1999.

---

Juliet N. Brennan, Muskogee, Oklahoma, For Appellee/Plaintiff,

Robert Locke, Muskogee, Oklahoma, For Appellant/Defendant.

¶1 KAUGER, J.:

¶2 The only issue presented on certiorari[1] is whether the trial court's award of support alimony is supported by the evidence. We hold that it is.

## FACTS

¶3 This cause involves a dispute over the support alimony awarded to the appellee, Roberta McLaughlin (wife), in her divorce from the appellant, Robert L. McLaughlin (husband). The couple was married on April 15, 1969, and on October 23, 1995, the wife filed for divorce, seeking a division of real and personal property, alimony, and attorney fees.

¶4 When the divorce was filed, the 48–year–old husband was employed as a supervisory medical administration specialist for the Veteran's Administration Medical Center, and he also served in the Army Reserves. Although he testified that he would be quitting the Reserves in June of 1997, his gross income from the medical center and the Reserves was approximately $36,800.00 in 1995. He also occasionally umpired softball games earning an additional $400.00 a year.

¶5 The 49–year–old wife worked at the Muskogee Public Elementary School earning $8.10 per hour, or about $12,650.00 a year. However, in March of 1997, because her salary had peaked at the school, she left her position and began another job at $7.00 per hour in an effort to have an opportunity for additional pay raises. The wife was also trained in medical terminology and medical transcription and planned to supplement her income by doing transcription work at home as soon as she could afford to purchase a computer.

¶6 During their separation, the husband and the wife sold some real property and divided the proceeds, and the wife received a few gifts from church members and friends to help her with her living expenses. While the divorce was pending, the husband was ordered to pay the wife $550.00 per month in temporary support alimony. Each of the parties testified at trial that they incurred an average monthly expense of more than $2,000.00 per month.[2]

¶7 On August 28, 1997, after a trial on the merits, the trial court divided the personal property and debts and issued a divorce decree.[3] The court awarded the husband and the wife one-half of the other's retirement. It also ordered the marital residence be sold and that the net profits from the sale of the house be divided equally between them, after deducting their attorney fees from the proceeds from the sale. In addition, the wife was awarded a judgment for $1,525.00 for past due temporary support alimony which the trial court ordered to be deducted from the husband's share of proceeds from the sale of the house.

1. The appellant, in his petition in error, initially also disputed the trial court's division of property as inequitable. However, the appellant abandoned this issue when he asserted and briefed only one issue —— the trial court's award of support alimony —— in his brief in chief and reply brief. The Court of Civil Appeals did not address the property division issue, nor was it asserted in any of the certiorari paperwork. Claims to error for which there is no support in argument and authority are deemed abandoned. *Hadnot v. Shaw*, 1992 OK 21 ¶7, 826 P.2d 978, 981; *American First Abstract v. Western Info. Syst.*, 1987 OK 24, ¶11, 735 P.2d 1187, 1189; *Peters v. Golden Oil Co.*, 1979 OK 123, ¶4, 600 P.2d 330, 331. Consequently, we will not address the issue.

2. The evidence regarding the actual amount of monthly expenses was conflicting. The wife testified that her monthly expenses averaged about $2,307.11, but on cross-examination she admitted that $800.00 or $900.00 could "probably" be taken off of her monthly expenses. The husband testified on cross-examination that his monthly expenses are about $2,407.87.

3. Although the parties disputed whether some of their personal property was separate or marital property, the exhibit attached to the divorce decree reflects that the parties divided the property and agreed which items they would each keep.

¶8 The trial court found that the wife was responsible for a monthly payment of $277.11 owed for the automobile she purchased during the parties' separation, and directed her to pay the $497.00 monthly mortgage on the home until it was sold. Each party was ordered to pay any debts incurred in their own name, and the husband was ordered to pay marital debts which totaled about $297.00 per month.[4] The trial court also awarded the wife $18,000.00 support alimony, $1,500.00 of which was past due temporary support alimony for June, July, and August of 1997. The remaining $16,-500.00 in support alimony was ordered to be paid $500.00 per month for 36 months.

¶9 On September 3, 1997, the husband filed a motion for new trial alleging errors regarding the property and debt distribution and in the award of support alimony. The trial court denied the motion on September 30, 1997, and the husband appealed. The Court of Civil Appeals affirmed the trial court's award of support alimony, but modified the award by reducing the monthly payments by half, and ordering that alimony should have ceased when the marital residence was sold, rather than continuing for 36 months. According to the certiorari paperwork, the marital residence was sold on October 30, 1997. Because the Court of Civil Appeals not only reduced the wife's alimony by half, but effectively cut the alimony payments from 36 months to 2 months, we granted certiorari on March 2, 1999.

## ¶10 THE TRIAL COURT'S AWARD OF SUPPORT ALIMONY IS SUPPORTED BY THE EVIDENCE.

¶11 The husband argues that the trial court abused its discretion when it awarded support alimony to the wife because: 1) the wife failed to demonstrate a need for support alimony; and 2) there is insufficient evidence of the husband's ability to pay support alimony. The wife insists that the trial court's award of support alimony is supported by the evidence.

¶12 In a divorce action, the trial court is vested with wide discretion in dividing property and awarding alimony.[5] On appeal, this Court will not disturb the trial court's judgment regarding property division or alimony absent an abuse of discretion or a finding that the decision is clearly contrary to the weight of the evidence.[6] The burden is upon the party appealing from a divorce decree to show that the findings and judgment are against the clear weight of the evidence.[7]

¶13 In awarding alimony, although each case depends on its own facts and circumstances[8], it must be reasonable.[9] Ability to pay is not the sole criterion for an award of alimony.[10] Support alimony is based upon a consideration of appropriate factors which include: demonstrated need during the post-matrimonial economic readjustment period;[11] the parties' station in life;[12] the length of the marriage and the

4. From the testimony elicited on May 12, 1997, it appears that this marital debt consisted of about $10,300.00 in credit card bills, a bill for exercise equipment, and a doctor bill.

5. *Teel v. Teel,* 1988 OK 151, ¶7, 766 P.2d 994, 997; *Kiddie v. Kiddie,* 1977 OK 69, ¶3, 563 P.2d 139, 85 A.L.R. 3rd 977; *Peters v. Peters,* 1975 OK 26, ¶9, 539 P.2d 26, 27.

6. *Teel v. Teel,* see note 5, supra; *Carpenter v. Carpenter,* 1983 OK 2, ¶24, 657 P.2d 646, 651. *Peters v. Peters,* see note 5, supra.

7. *Peterson v. Peterson,* 1952 OK ——, 206 Okla. 68, 240 P.2d 1075, 1076; *Routh v. Routh,* 1942 OK ——, 191 Okla. 419, 130 P.2d 1000, 1001 (1942); See also, *Kiddie v. Kiddie,* note 5, supra.

8. *Durland v. Durland,* 1976 OK 102, ¶5, 552 P.2d 1148, 1149; *Reed v. Reed,* 1969 OK 95, ¶24,

456 P.2d 529, 533; *Henley v. Henley,* 1967 OK 15, ¶7, 428 P.2d 258, 259.

9. *Fisher v. Fisher,* 1976 OK 193, ¶3, 558 P.2d 391, 391; *Johnston v. Johnston,* 1968 OK 147, 440 P.2d 694, 697.

10. See, *Traczyk v. Traczyk,* 1995 OK 22, ¶22, 891 P.2d 1277, 1280; *Herndon v. Herndon,* 1972 OK 134, ¶6, 503 P.2d 545, 546–47; *Kirkland v. Kirkland,* 1971 OK 98, ¶25, 488 P.2d 1222, 1227.

11. *Rice v. Rice,* 1988 OK 83, ¶18, 762 P.2d 925, 927; *Johnson v. Johnson,* 1983 OK 117, ¶23, 674 P.2d 539, 545.

12. *Durland v. Durland,* see note 8, supra; *Herndon v. Herndon,* see note 10, supra; *Kirkland v. Kirkland,* see note 10, supra.

ages of the parties;[13] the earning capacity of each spouse;[14] the parties' physical condition and financial means;[15] the mode of living to which each spouse has become accustomed during the marriage;[16] and evidence of a spouse's own income-producing capacity and the time necessary to make the transition for self-support.[17]

¶ 14 Here, the parties had been married for 26 years when the divorce action was filed. The husband's income was nearly three times that of his wife. Although the wife had some additional training to possibly supplement her income in the future, the amount of alimony awarded was not an exorbitant amount. We have not previously addressed a case that was factually identical to the present one. However, we have reviewed alimony awards in which the parties were married for many years; the husband's income was significantly more than the wife's; and the wife had some means of self-support.

¶ 15 In *Durland v. Durland*, 1976 OK 102, ¶ 5, 552 P.2d 1148, 1149, we increased an alimony award from $36,000.00 to $48,000.00 where the parties had been married nineteen years; the wife earned a minimal income from partial ownership in a clothing store, but was not trained for any particular employment outside of the home; and one of the children was a diabetic and required some special care. In *Ford v. Ford*, 1988 OK 103, ¶ 11, 766 P.2d 950, 953, we refused to reduce an award of support alimony of $2,000.00 per month for 24 months. The wife

had an education but was not employed at the time of the divorce. The husband earned $4,300.00 per month after taxes at the time of the divorce.

¶ 16 Similarly, in *Harmon v. Harmon*, 1983 OK 89, ¶ 24, 770 P.2d 1,4, the parties, in their late 50's, were divorced after 37 years of marriage. The wife worked for a travel agency during the later years of marriage and the husband was a practicing attorney with thirty-three years experience. We upheld the trial court's award of support alimony of $65,000.00 payable at $500.00 per month for 121 months. In a case more factually similar to this cause, the Court of Civil Appeals, in *Lincoln v. Lincoln*, 1992 OK CIV APP 124, ¶ 16, 840 P.2d 41, 44, upheld the trial court's award of $36,000.00 in support alimony to a wife, payable for 60 months. The wife had a high school diploma and a gross monthly income of $866.67. The husband made about $37,000.00 to $39,000 per year and the parties were married for 22 years. The Court of Civil Appeals finding that the trial court had not abused its discretion in making such an award is persuasive here as well.[18]

¶ 17 On the record presented, we must agree with the wife that the amount awarded by the trial court is supported by the evidence.[19] Based on the length of the marriage, the age of the parties, ability of the husband to pay, the needs of the wife for living expenses and her current income potential, the trial court did not abuse its dis-

13. *Mocnik v. Mocnik*, 1992 OK 99, ¶ 34, 838 P.2d 500, 506; *Stansberry v. Stansberry*, 1978 OK 77, ¶ 8, 580 P.2d 147, 149; *Kirkland v. Kirkland*, see note 10, supra.

14. *Stansberry v. Stansberry*, see note 13, supra; *Durland v. Durland*, see note 8, supra; *Jupe v. Jupe*, 1947 OK ——, 198 Okla. 100, 175 P.2d 976, 978.

15. *Ford v. Ford*, 1988 OK 103, ¶ 11, 766 P.2d 950, 953; *Dowdell v. Dowdell*, 1969 OK 155, ¶ 9, 463 P.2d 948, 950; *Eisenreich v. Eisenreich*, 1958 OK 61, ¶ 10, 323 P.2d 723, 724.

16. *Ford v. Ford*, see note 15, supra; *Dowdell v. Dowdell*, see note 15, supra.

17. *Rice v. Rice*, see note 11, supra; *Johnson v. Johnson*, see note 11, supra.

18. Because the opinion was not approved for publication by this Court, it is entitled to persuasive effect only. Title 20 O.S.1991 § 30.5; Rule 1.200, Oklahoma Supreme Court Rules, 12 O.S. Supp.1997, Ch. 15, App. 1.

19. The husband insists that the wife failed to meet her burden of affirmatively demonstrating her needs regarding support alimony. This argument is without merit considering the length of the marriage; the income and expenses of both parties; that the parties were married for 26 years and the wife was accustomed to living in a nice home with a joint income of $50,000.00 per year; and that there was not any evidence of any income producing spousal property available to the wife.

cretion when it awarded the wife $500.00 a month in support alimony for 36 months. This amount provides the wife the necessary opportunity for post-marital economic readjustment.

## CONCLUSION

¶ 18 In a divorce action, the trial court is vested with wide discretion in dividing property and awarding alimony.[20] On appeal, this Court will not disturb the trial court's judgment regarding property division or alimony absent an abuse of discretion or a finding that the decision is clearly contrary to the weight of the evidence.[21] The burden is upon the party appealing from a divorce decree to show that the findings and judgment are against the clear weight of the evidence.[22] Nothing in the record discloses that the trial court abused its discretion when it awarded the wife $500.00 a month in support alimony for 36 months.[23]

## CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; TRIAL COURT AFFIRMED.

SUMMERS, C.J., HARGRAVE, V.C.J., HODGES, LAVENDER, ALMA WILSON, WATT, JJ., concur.

SIMMS, J., concurs in result.

OPALA, J., concurs in part, dissents in part.

---

**20.** *Teel v. Teel,* see note 5, supra; *Kiddie v. Kiddie,* see note 5, supra; *Peters v. Peters,* see note 5, supra.

**21.** *Teel v. Teel,* see note 5, supra; *Carpenter v. Carpenter,* see note 6, supra; *Peters v. Peters,* see note 5, supra.

**22.** *Peterson v. Peterson,* see note 7, supra; *Routh v. Routh,* see note 7, supra; See also, *Kiddie v. Kiddie,* note 5, supra.

**23.** We note that the Court's order of July 28, 1998, indicating that the trial exhibits were not included in the record was finally complied with on March 25, 1999.