2000 OK CIV APP 42

**Sharon Kay LANDERS, Appellant,**

v.

**Michael Ray LANDERS, Appellee.**

**No. 92,104.**

Court of Civil Appeals of Oklahoma,
Division No. 2.

March 7, 2000.

Bruce A. McKenna,[1] Casey, Jones & McKenna, P.C. Tulsa, Oklahoma, For Appellant.

Monty C. Pritchett, Tulsa, Oklahoma, For Appellee.

## MEMORANDUM OPINION

RAPP, Presiding Judge:

¶1 Plaintiff, Sharon Kay Landers (Wife), appeals the district court's decree in her divorce action against Defendant, Michael Ray Landers (Husband). The issue on appeal is whether the trial court erred in valuing and dividing the marital estate. Upon review of the record and applicable law, this court determines that the trial court erred in valuing portions of the marital estate and business. Accordingly, the trial court's decision is affirmed as modified.

## BACKGROUND

¶2 The parties were married October 26, 1975. The family business, a machine shop, was formed in 1981 and incorporated in 1988. Wife filed for divorce on October 31, 1996. The proceedings were acrimonious. Husband was ordered to pay support alimony of $2,000 per month to Wife, but stopped paying it within a few months. As a result, Wife was unable to make the mortgage payments on the family home and it was foreclosed upon. While the couple agreed that their minor son should remain in Wife's custody, they vigorously disagreed over the value and division of the marital property.

¶3 After a trial in which most of the testimony dealt with property values, the trial court entered a decree granting the parties a divorce, granting custody of the minor son to Wife, giving Wife a judgment for accrued temporary support alimony of $11,292, and dividing the marital estate. Wife appeals the property division, contending that the trial court erred in determining the values of the family business and the real estate upon which the business was located. She also asserts error in the trial court's division of the couple's personal property.

## STANDARD OF REVIEW

¶4 An equitable property division is not necessarily an equal one. *Stansberry v. Stansberry*, 1978 OK 77, ¶11, 580 P.2d 147, 150. Need is irrelevant in dividing the marital property. *Moyers v. Moyers*, 1962 OK 146, ¶9, 372 P.2d 844, 846; *Wood v. Wood*, 1990 OK CIV APP 49, ¶11, 793 P.2d 1372, 1375. On appeal, we will not disturb a decision regarding alimony or property division unless the trial court abused its wide discretion or the decision is "clearly contrary to the weight of the evidence." *McLaughlin v. McLaughlin*, 1999 OK 34, ¶12, 979 P.2d 257, 260. The appellant bears the burden of establishing that the trial court's findings "are against the clear weight of the evidence." *Id.*

## DISCUSSION

¶5 Wife's principle allegation of error is that the trial court failed to properly value the marital estate and failed to award her a fair and equitable share of the family business's good will.

### A. The Value of the Family Business

¶6 The most significant marital asset was the family business. There is no dispute that the family business was joint property.

¶7 Wife presented the testimony of Rick Ellis, a certified appraiser originally hired by Husband.[2] Ellis appraised the business as a going concern at $332,508. In reaching this figure, Ellis considered the company's sales, the current value of its assets, and the value of its customer base measured as "good will."

---

1. *See* Rule 1.5 of the Supreme Court Rules, 12 O.S. Supp.1999, ch. 15, app.

2. Based on Ellis's testimony at trial, Husband originally contracted with him and paid his initial fee. Somewhere along the way, however, Husband stopped paying for Ellis's services and Wife's attorney then guaranteed that Ellis would be paid for his time.

He also reviewed the company's financial records with the help of a certified public accountant, interviewed Husband, and inspected the equipment. Ellis established a net value of approximately $332,000 and a sale price of $343,000. He valued the good will at $64,525.

¶ 8 Husband presented the testimony of Gerald Welch, who is in the business of buying and selling machine tools. Welch estimated the value of the business's machine tools at $138,025. Welch testified that he had no experience in buying businesses as going concerns and made no effort to value the business here as a going concern.[3] Welch also testified that he did not include the value of one piece of machinery, a lathe, because he was told that it was leased. When told that the piece was actually being purchased pursuant to a lease-purchase agreement, Welch testified that its value should have been included at $100,000, bringing the asset value according to Welch to $238,025.[4]

¶ 9 Just before rendering his decision, the trial judge stated:

A couple of comments on the appraisal of the business by Mr. Welch. I think he was probably pretty accurate as far as what those machines are worth, but it doesn't—and maybe the automobiles, but it doesn't tell me anything about the debt involved with the company. It didn't include some furniture and furnishings and I don't know, not a whole lot, but maybe three or four thousand dollars, but there's no way from his appraisal that I can place a value on the company from his—just what he did.

As far as Rick Ellis and his appraisal, I've gone over it. There's a few things in here that I'm concerned about and usually I place the value of a company of its net earnings after taxes. And I understand his capitalization rate and I know something about that, but I struggle to understand that.

With no further explanation, the judge then valued the company at $150,000, a sum less than half of the expert's valuation and a decision contrary to the weight of the evidence.[5] *See McLaughlin v. McLaughlin,* 1999 OK 34, ¶ 12, 979 P.2d 257, 260.

 ¶ 10 The evidence at trial established that the business machinery alone was worth over $200,000, while the business as a whole was worth over $300,000. The evidence wholly fails to support a value of $150,000.[6] Moreover, the judge's comments provide no basis or · explanation for such a significant deviation from the only values in evidence.[7] Based on the record presented,

---

3. Welch testified that Husband "asked me for an appraisal of his company and I told him I only do machine tools."

4. Husband testified that the lathe was indeed being purchased under a lease-purchase agreement. He also testified that he subsequently purchased another lathe, identical to the first, under a similar agreement. That purchase occurred after the time period relevant here. However, this purchase, valued at $120,000, is highly indicative of the value of the business.

5. The valuation is less than the value of the two lathes alone.

6. On appeal, Husband tries to justify the deviation by arguing that the trial court could not legally consider "good will" in assigning a value to the family business. This is a misstatement of Oklahoma law. *See Traczyk v. Traczyk,* 1995 OK 22, 891 P.2d 1277. Even if this misstatement were true, then using Ellis's net value figure of $332,000 less the good will value of $64,525, the value would have been $277,475. However, Traczyk holds that business good will is a divisible marital asset and must be accounted for. In

this light, on remand the court could be guided by the "Fleege factors" set out in *In re Marriage of Fleege,* 91 Wash.2d 324, 588 P.2d 1136 (1979); *In re Marriage of Hall,* 103 Wash.2d 236, 692 P.2d 175 (1984); and *In re Marriage of Luckey,* 73 Wash.App. 201, 868 P.2d 189 (1994).

7. Indeed, at a later hearing in which the court considered the parties' motions for attorney and expert fees, the trial judge stated:

As far as Mr. Welch's fees, that was an incomplete appraisal in my opinion and almost totally useless to me. Although [Wife's attorney] didn't like the way I valued the property, I basically used the information that Mr. Ellis provided to me. As I recall there was some— my evaluation and that of Mr. Welch was fairly close, but my evaluation had nothing to do with Welch's appraisal which was real incomplete.

The trial court did not state a reason for valuing the business at less than the value assigned by both expert witnesses. Perhaps the trial court became confused and actually intended to award Wife $150,000 as *half* of the value of the business. A total valuation of $300,000 would have

this Court finds that the value of the family business to be the sum of $332,000, which is the net value established by Ellis and includes the business' good will value of $64,525. The Wife shall be and is granted one half of the sum of $332,000 as and for her share of the marital estate as hereinafter set forth in subsection "E".

### B. The Value of the Business Real Estate

¶ 11 Wife next asserts error in the trial court's valuation of the real estate where the family business is located. The trial court valued the real estate at $62,600. Wife's expert valued the property at between $140,000 and $150,000. Husband testified that he believed the property to be worth $136,000, the price he paid for it. Husband also testified, however, that he still owed approximately $77,400 on the property. It is apparent, therefore, that the trial judge valued the property at $140,000 and reduced that amount by the balance owing to reach $62,600. There is no error in this portion of the decision.

### C. The Value of the Personal Property

■ ¶ 12 Finally, Wife complains that the trial court erred in ordering the parties to divide their jointly-acquired property by taking turns choosing from a detailed list prepared by Husband in response to Wife's interrogatory. The four-page list included, along with household miscellany, antique furniture and collectibles. Wife submitted the list, containing approximately 200 items, as an exhibit at trial and indicated that she wanted practically everything on the list. The trial court refused to award those items individually and instead ordered the parties to divide them by taking turns choosing in a joint meeting.

¶ 13 Wife contends, without citation to authority, that this is an abdication of the trial court's duty to equitably divide the marital estate. She contends that, in making this order, the trial court accepted Husband's value of the items. However, Wife presented

been within a reasonable range of the net value of $332,000 set by Ellis, upon whom the court

no evidence regarding the value of the items beyond stating that she disagreed with some of the values assigned by Husband. Moreover, there is no evidence that the trial court assigned any particular value to the personal property.

¶ 14 Only one group of items of personal property was specifically identified by the parties. Husband owned a collection of Dr. Pepper memorabilia, collected because his grandfather was a Dr. Pepper distributor. He valued the collection at between $750 and $1,000. Wife valued it at four to five thousand dollars, but provided little information as to why she valued it at that amount. The trial court awarded the collection to Husband without assigning any value to it.

¶ 15 Based on the evidence in the record on appeal, we cannot say that the trial court's decision regarding the personal property was an abuse of discretion. The trial court awarded the Dr. Pepper collection to Husband because it was specifically identified by Husband as being his. The Dr. Pepper collection was the only thing identified by the parties as being of any particular importance. The trial court then made a reasonable effort to divide the rest of the personal property equitably by requiring that the parties take turns choosing items in a joint meeting. Taking into account the circumstances and history of this matter, this court cannot conclude that this was an abuse of discretion.

### D. The Balance of the House Sold at Sheriff's Auction

¶ 16 The trial court awarded Wife the net proceeds from the foreclosure of the family home, estimated at trial to be approximately $11,000. Wife's attorney informed the court at a subsequent attorney fees hearing, without dispute, that the actual amount left after satisfaction of the mortgage and foreclosure expenses was $335.57. Although Wife does not raise this as a separate issue on appeal, she does refer to this difference as a reason for the alleged inequity in the property award. We agree.

relied.

## E. The Marital Estate

¶ 17 The marital estate, based on the record presented, is then computed as follows:[8]

| | | |
|---|---|---|
| 1. | Precision Products Mfg. Stock | 4,600.00 |
| 2. | Cash Value Life Insurance | 3,125.00 |
| 3. | Lease | 21,000.00 |
| 4. | Quality Parts Mfg., Inc. | 332,000.00 |
| 5. | Real Estate | 62,600.00 |
| 6. | Proceeds from Mortgage foreclosure | 335.37 |
| | TOTAL | $423,060.37[9] |

¶ 18 In equitable matters such as are here under review, this court will enter the order which the trial court should have entered. *Mocnik v. Mocnik*, 1992 OK 99, 838 P.2d 500. Accordingly, this Court modifies the decree and divides the marital estate as follows:

Husband shall receive the following property:

| | | |
|---|---|---|
| 1. | Precision Products Mfg. Stock | 4,600.00 |
| 2. | Cash Value Life Insurance | 3,125.00 |
| 3. | Lease | 21,000.00 |
| 4. | Quality Parts Mfg., Inc. | 332,000.00 |
| 5. | Real Estate | 62,600.00 |
| 6. | Proceeds from Mortgage foreclosure | 335.37 |

less credit for attorney fees and costs assessed by the trial court (8,647.00)

less an alimony judgment in lieu of property secured by a lien against the business Quality Part Mfg., Inc., and real estate in the sum of $205,000.00 in favor of the Wife to be paid $35,000.00 within 30 days of this decision's mandate and the balance of $170,000.00 bearing interest at the rate of 5% per annum on the unpaid balance to be paid in ten equal installments beginning one year from the date of payment of the $35,000.00. (205,000.00)

TOTAL VALUE TO HUSBAND $209,413.37

¶ 19 Wife shall receive a judgment in the sum of $205,000 as alimony in lieu of property secured by a lien against the real estate and the business, Quality Parts Mfg., Inc., to be paid by Husband in the manner set forth above.

## F. Attorney Fees

(1) Trial Level

¶ 20 Wife initially complained of the inadequacy of attorney fees awarded her by the trial court. However, in her reply brief, it was stated that Wife concedes that the propriety of the District Court's fee award filed December 17, 1998, is not before the court. Thus, the issue of attorney fees awarded below is not here subject to review.

(2) Appellate Level

¶ 21 Wife and Husband have requested an attorney fee for prosecution of this appeal. The parties' request for appellate-related attorney fees, in light of the relief herein granted, is denied and the parties hereto shall each bear the costs of their respective fees on appeal.

## CONCLUSION

¶ 22 Based on the record presented, this court concludes that the trial court did not err in assigning the value to the real estate or in ordering the parties to divide the joint personal property. Those portions of the decree are affirmed. However, the trial court did err in assigning a value of $150,000 to the family business. In addition, the court also erred in failing to consider the actual net proceeds from the foreclosure of the family home. Those portions of the decree are reversed. The property division portion of the decree is modified as set out in subsection "E" above. The decree, as herein modified, is thus affirmed.

¶ 23 AFFIRMED AS MODIFIED.

¶ 24 TAYLOR, J., and STUBBLEFIELD, J. (sitting by designation), concur.

---

8. The Mutual of New York funds and CD were previously divided.

9. The personality issue has been dealt with in subsection "C" above.