BILLS v. BILLS
2022 OK CIV APP 27
514 P.3d 485
Case Number: 119319
Decided: 05/23/2022
Mandate Issued: 07/13/2022
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2022 OK CIV APP 27, 514 P.3d 485

 

IN RE THE MARRIAGE OF:

STEPHANIE BILLS, Petitioner/Appellee,
v.
JAY BILLS, Respondent/Appellant.

APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA

HONORABLE CHARLES KEVIN MORRISON, TRIAL JUDGE

AFFIRMED

Matthew C. Russell, RIFFEL LAW FIRM, PPLLC, Enid, Oklahoma, for Respondent/Appellant,

Brad K. Cunningham, CONNER & WINTERS, LLP, Tulsa, Oklahoma, for Petitioner/Appellee.

ROBERT D. BELL, PRESIDING JUDGE:

¶1 In this dissolution of marriage proceeding, Respondent/Appellant, Jay Bills (Husband), appeals from portions of the trial court's decree of dissolution of marriage. Husband challenges the court's determination that Husband depleted the marital estate by $92,500.00 and the court's award of this amount to Husband as a portion of his equitable share of the marital estate. Husband also appeals from the court's decision to impute Husband's income at $6,400.00 per month; its determination that the separate value of the E trade account, owned by Petitioner/Appellee, Stephanie Bills (Wife), prior to marriage, was $71,320.00; and the court's decision to deny Husband's request for his attorney fees. Wife counter-appeals from the trial court's decision to deny her request for attorney fees. After reviewing the record, we cannot find the trial court abused its discretion and affirm the trial court's decree and order denying attorney fees.

¶2 The parties were married in 2000. The parties have four children. Custody is not at issue. Wife was employed throughout the marriage. Husband is licensed to practice law and was employed as an attorney for several years during the marriage earning up to $100,000.00 per year. Husband was unemployed the last few years of the marriage. Husband concealed his unemployment from Wife. Husband faked work invoices and pretended to go to work each day. Without Wife's knowledge, Husband obtained a line of credit against the marital home, borrowed money against Wife's vehicle and from Wife's parents, and posing as Wife, Husband borrowed money from Wife's uncle. Husband also removed money from the marital brokerage account without Wife's knowledge. It was undisputed that Husband withdrew/borrowed $234,000.00. Husband deposited this money into the parties' joint accounts to conceal Husband's lack of income. Wife only learned of the concealment when she met with the parties' financial advisor. At the time of the dissolution proceeding, Husband was employed as a manager at a small car repair shop earning approximately $20.00 per hour, or approximately $3,167.00 per month. Husband testified that he was paid in cash.

¶3 Wife filed a petition for dissolution of marriage January 2018. The Decree of Dissolution of Marriage was entered April 24, 2020, and filed October 8, 2020. The trial court found Husband was willfully underemployed and imputed Husband's income at $6,400.00 per month for child support purposes. The court determined Wife's monthly income was also $6,400.00. The court determined Wife's separate property value of the E Trade account, in Wife's name, was $71,320.00, and after awarding this amount to Wife as her separate property, the court divided and equally awarded half of the balance to each party. The court determined $87,000.00 of the $234,000.00 covertly borrowed/withdrawn by Husband was used to support the family; therefore, this amount would not be treated as depleted marital funds. The court determined the remaining $147,500.00 borrowed/withdrawn by Husband, without Wife's knowledge or consent, shall be treated as depleted martial estate. The $147,500.00 was comprised of the $75,000.00 equity line of credit on the marital residence, a $25,000.00 loan from Wife's uncle, a $30,000.00 loan from Wife's parents, and a $17,500.00 loan from Husband's stepfather. The court ordered Wife to be responsible for the $55,000.00 in loans payable to her family, and these loans were offset against her share of the marital estate. The remaining $92,500.00 was credited to Husband as a portion of the marital estate already received.

¶4 The trial court valued the total marital estate at $488,271.30. Husband was awarded $249,405.11 in marital assets -- this amount includes the credit of $92,500.00. Wife was awarded $331,366.20 in marital assets, less the offset of $55,000.00 - resulting in a total award of marital assets to Wife of $276,366.20. The court acknowledged Wife was awarded a greater share and held the division is just, fair and equitable, and that Husband's actions "militate against an adjusting cash payment to give him an equal share of the property."

¶5 By separate application, both parties sought an award of attorney fees. The trial court denied both requests. On October 14, 2020, Husband filed a motion for reconsideration. Each of the issues on appeal were addressed in the motion. The court denied the motion and Husband now appeals from portions of the decree and the court's order denying Husband's motion for attorney fees. Wife counter-appeals from the trial court's order denying her request for attorney fees.

¶6 In a divorce action, the trial court is vested with wide discretion in dividing property. McLaughlin v. McLaughlin, 1999 OK 34979 P.2d 257Id. The appealing party has the burden to show the trial court's findings and judgment are against the clear weight of the evidence. Id. We will not disturb the trial court's decision concerning attorney fees unless there has been an abuse of discretion. Merritt v. Merritt, 2003 OK 6873 P.3d 878

¶7 Initially, we address Wife's re-urged motion to dismiss Husband's appeal on the basis of the acceptance of the benefits rule set forth in Hamm v. Hamm, 2015 OK 27350 P.3d 124LCR, Inc. v. Linwood Properties, 1996 OK 73918 P.2d 1388

¶8 On appeal, Husband first claims the trial court erred and abused its discretion when it determined Husband should be awarded $92,500.00 in marital debt that was repaid three (3) years prior to the filing of the petition. Husband contends the trial court did not specifically find Husband dissipated marital assets; therefore, the court erred in offsetting the non-existent debts when dividing the marital estate. Wife challenges Husband's characterization of this award as "marital debt." She submits the trial court properly characterized this amount as marital assets already received by Husband due to his concealment and unilateral depletion of the marital estate.

¶9 We agree with Wife's characterization of the award. Here, the uncontested evidence shows Husband had exclusive control of the marital finances and was responsible for depleting the marital estate's value, during the parties' marriage, in order to conceal his unemployment. Evidence of one party's depletion and dissipation of marital assets is a relevant factor in valuing and dividing the marital estate. See, e.g., Mocnik v. Mocnik, 1992 OK 99838 P.2d 50043 O.S. 2021 §121

¶10 Husband next argues the trial court erred when it imputed Husband's income at $6,400.00 per month for child support computations. In its order denying reconsideration, the trial court found Husband was willfully and in bad faith underemployed. The court also noted that had it accepted Husband's evidence of his income, Wife would have to pay Husband child support. The trial court did not find a nefarious intent, but found sufficient circumstantial evidence that this was a factor to Husband's underemployment. The trial court declined to find Husband's income was less than Wife's income. We cannot hold the trial court abused its discretion in this regard. See 43 O.S. 2021 §118

¶11 Next, Husband asserts the evidence does not support the trial court's determination that Wife's separate property portion of the E Trade account was $71,320.00 when the parties married. The parties agreed this account was Wife's separate property prior to marriage and that marital funds were regularly deposited into this account after marriage. The only evidence presented at trial was the parties' recollections as to the account's "before" value. Wife testified the balance of the E Trade account was around $72,000.00 based on her conversations with the company. Husband recalled, from memory, that the account was worth between $22,000.00 to $25,000.00. Neither party produced documentation supporting their testimony regarding the pre-marital value of this account. The court decided to "reimburse" Wife her separate property interest in the E Trade account before equally dividing the remainder of the account.

¶12 Even though the trial court arrived at a "before value" and there was evidence of the "after value" of this account (the account's value upon the dissolution of the marriage), the trial court's decision does not comport with Thielenhaus v. Thielenhaus, 1995 OK 5890 P.2d 925Theilenhaus held that when a spouse brings separate property to the marriage, like the instant E Trade account, the account's increased value, "produced by investment managed by neither spouse or by appreciation, inflation, changing economic conditions, or circumstances beyond the parties' control, cannot be treated as a divisible marital asset unless, of course, there be proof that the increase resulted from efforts, skills or funds of either spouse." Here, both parties agreed that marital funds were deposited into this account, thus there likely was some increase due to these marital deposits. Under Theilenhaus, "[t]he non-owning spouse's interest in the increased separate estate of the other, when established through efforts, skills or expended funds, stands confined to the enhanced value of that separate property." Id. at ¶9. The non-owning spouse has the burden to show that the enhancement is the result of either spouse's endeavors. Id. 

¶13 Had either party presented this analysis, the court may have increased the value of Wife's separate property portion due to market fluctuations during the marriage. However, neither party argued Thielenhaus in the trial court and on appeal. Consequently, this Court declines to reverse the trial court's decision which effectively subtracted Wife's separate property portion of the account from the value of the account at the court's valuation date, and then equally divided the remainder of this account between the parties.

¶14 The only issue appealed by Husband was whether the trial court erred in accepting Wife's testimony as to the E Trade account's "before value." The court chose to believe Wife's testimony over Husband's recollection, and this Court will defer to the trial court's judgment. The credibility of witnesses and the effect and weight of conflicting or inconsistent testimony are questions of fact to be determined by the trier of fact, and are not questions of law for the court on appeal. Estate of Gerard v. Gerard, 1995 OK 144911 P.2d 266

¶15 Husband next argues the trial court erred when it awarded Wife with a greater share of the marital estate. "The words 'just' and 'reasonable' in 43 O.S. 2012 §121Childers v. Childers, 2016 OK 95382 P.3d 1020

¶16 For his final assignment of error, Husband contends the trial court erred and abused its discretion when it denied his request for attorney fees. On counter appeal, Wife asserts the trial court abused its discretion when it denied her request for attorney fees. Title 43 O.S. 2021 §110Thielenhaus,1995 OK 5Id. The court's decision regarding attorney fees will not be disturbed on appeal in the absence of an abuse of discretion. Childers, 2016 OK 95

¶17 Both parties contend the trial court should have assessed attorney fees against the other party due to unmeritorious arguments, exacerbation and complication of the litigation, and egregious conduct. The record supports a finding that both parties' actions contributed to the protraction of the litigation and escalation of the concomitant attorney fees. We therefore cannot find there are compelling and overriding equitable considerations in favor of an attorney fees award to either party. The trial court's order denying both parties' requests for attorney fees is affirmed.

¶18 AFFIRMED.

GOREE, J., and SWINTON, J., (sitting by designation) concur.